PER CURIAM.
On this appeal by the defendant from a judgment of conviction of possession of a narcotic drug, the appellant contends it was error to deny his motion to suppress the evidence, consisting of a quantity of heroin, which it is argued was obtained by an unlawful search and seizure.
The appellant was stabbed by a known person. The wound was substantial. *545 While he was in the emergency room of a hospital being treated therefor, lying on a cot or treatment table, a police officer investigating the crime arrived at the hospital. Certain of the victim’s clothing, which had been removed from him, and which was bloodied, was lying at his feet in a plastic bag. The police officer impounded the bloody clothing as evidence. Upon making an inventory search thereof the officer found a package of heroin, which then became the basis of the charge imposed.
In the circumstances presented the trial court ruled correctly in denying the motion to suppress. The action of the police was properly regarded by the court to have been in the course of valid procedure in the investigation of a crime, for the preservation of material evidence, justifying the inventory search of the (clothing) evidence without warrant. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Godbee v. State, Fla.App.1969, 224 So.2d 441.
Affirmed.