**Charles CHAVIS, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 73-3235**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1973.

Phillip A. Hubbart, Public Defender, Lewis S. Kimler, Asst. Public Defender, 11th Judicial Circuit of Fla., Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Arnold R. Ginsberg, Barry Scott Richard, J. Robert Olian, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

DYER, Circuit Judge:

Chavis appeals the denial of his petition for Writ of Habeas Corpus by the district court, contending that the inventory of his clothing at a hospital made by a police officer investigating the stabbing of Chavis was an illegal search and that he was, therefore, entitled to have the heroin found in his clothing suppressed. We disagree and affirm.

■ Chavis was convicted in a Florida state court for the offense of unlawful possession of a narcotic drug. On direct appeal he unsuccessfully argued that the drug was obtained as a result of an unlawful search and seizure. Chavis v. State, Fla.App.1973, 274 So.2d 544. He has therefore exhausted his state remedies. McCluster v. Wainwright, 5 Cir. 1972, 453 F.2d 162.

■ The facts are largely uncontradicted. Chavis was stabbed in the back by his girl friend. He was taken to the hospital in critical condition. He was in a semi-conscious state, and his clothing was soaked with blood. Police Officer Chamberlain and other officers went to the hospital to investigate. Chavis told Chamberlain that he was not interested in prosecuting his girl friend. Before Chamberlain's arrival the nurse had removed Chavis' clothing and placed them in a plastic bag at the foot of the stretcher. Chamberlain took custody of the clothes as evidence in connection with the aggravated assault, which appeared at that time to likely be a homicide. The district court found, and the record fully supports the fact, that Chavis' clothing was seized for no other purpose than as evidence in connection with the assault. In the presence of the other officers and the nurse, Chamberlain made an inventory of the contents of the clothing. Among other things a packet of heroin was found.

Chavis urges that the officer had no right to continue his investigation after he was told that Chavis was not interested in prosecuting his girl friend. As the district judge properly observed, it is not for the victim of a crime to decide whether the perpetrator of the crime should be prosecuted. Clearly, the officer, under the circumstances here present, would have been derelict in his duty had he not taken custody of Chavis' clothing as evidence of a possible homicide that he was investigating.

We agree with the district court that Officer Chamberlain did not find the heroin as a result of a search for evidence against Chavis. He inadvertently found the heroin as a result of an inventory of the clothing that he was duty bound to keep as evidence of a crime. Personal effects in the clothing required protection for the benefit of Chavis. Officer Chamberlain could not send the clothing off in the custody of others without knowing what was to be returned. The only reasonable method for such safekeeping was to inventory the contents. That was plainly the real purpose of the inventory undertaken here. Finding the heroin was simply an unanticipated result. See, United States v. Pennington, 5 Cir. 1971, 441 F.2d 249; United States v. Lipscomb, 5 Cir. 1970, 435 F.2d 795.

Chavis' reliance on Brett v. United States, 5 Cir. 1969, 412 F.2d 401, is not only misplaced but supports the district court's finding. There we took pains to point out that, "The search was unrelated to the duties of the police, as guardians of the prisoner's property, to inventory or to protect property in their hands for safekeeping." In the instant case the inventory was made precisely for the purpose of safekeeping. No unreasonable search and seizure having been shown, the motion to suppress the heroin was properly denied.

Affirmed.