Toriono MITCHELL *v.* STATE of Arkansas

CR 95-232                                  906 S.W.2d 307

Supreme Court of Arkansas
Opinion delivered September 25, 1995

*William R. Simpson, Jr.*, Public Defender, by: *Timothy A. Boozer*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant was convicted of simultaneous possession of drugs and firearms, Ark. Code Ann. § 5-74-106 (Repl. 1993), for which he received a forty-year sentence. Three issues are presented on appeal. We find no error and affirm.

On November 27, 1993, a gang-related shootout occurred at a fast-food restaurant in Little Rock. Little Rock Police Detective Ronnie Smith and Patrolman Rodney Lewis arrived at the scene shortly after the incident. Both observed the appellant lying on the ground with gunshot wounds. Rescue units were called, and the appellant and another man were transported to the hospital. At that point, appellant was not considered a suspect, but a victim.

Crime scene specialists Barbara Polite and Roger Swope arrived at the scene. They were requested by Detective Smith to go to the hospital and collect the clothing of the shooting victims. They did so, and returned with the clothing to the crime scene unit. While conducting a routine inventory, they found a plastic

bag in the pocket of the appellant's jeans. The bag contained a "white, rock-like substance" which was forwarded to the narcotics division. Upon analysis, it turned out to be cocaine.

The appellant eventually became a suspect in the shooting. He was arrested and charged with one count of battery, nine counts of aggravated assault, and one count of simultaneous possession of drugs and firearms. The jury was unable to reach a verdict on the battery and aggravated assault counts, but did convict the appellant on the simultaneous possession of drugs and firearms charge. The first issue we address is whether the evidence was sufficient to support that conviction.

Ark. Code Ann. § 5-74-106(a)(1) (Repl. 1993) provides that a person who commits a felony violation of § 5-64-401 (controlled substances) while in possession of a firearm is guilty of a Class Y felony. The appellant argues that there was no evidence which showed him to be in *simultaneous* possession of the drugs and the gun.

When the sufficiency of the evidence is challenged, we must determine if there is substantial evidence to support the verdict. The evidence is viewed in a light most favorable to the appellee. *Abdullah* v. *State*, 301 Ark. 235, 738 S.W.2d 58 (1990). Circumstantial evidence is considered substantial evidence and may support a conviction. *Summers* v. *State*, 300 Ark. 525, 780 S.W.2d 541 (1989). It is true that in this case, no witness could say that the appellant was in simultaneous possession of the gun and the cocaine. However, several witnesses at trial testified that the appellant brandished a handgun during the course of the shootout. Additionally, a test of the appellant's hands for gunshot residue was positive. Within minutes after the appellant was seen with the gun, he was discovered lying wounded on the ground. He was immediately transported to the hospital where his clothes were bagged and turned over to the police. The controlled substance was found in these clothes. The state's drug chemist determined that the total weight of the substance was 1.64 grams of which 86.2% was cocaine, a net of 1.42 grams.

We hold there was substantial evidence to support the conviction. Based upon the facts, the appellant could only have avoided simultaneous possession of these items if the contents of his clothing changed between the time of the shooting

and the time the clothes were retrieved from the hospital. This is so implausible that the jury was justified in reaching the more logical conclusion: that the cocaine was in the appellant's pocket at the time he was seen in possession of the gun.

■ Before we leave this issue, one clarification is needed. The record does not show conclusively whether the appellant's drug violation was a felony or a misdemeanor. A *felony* controlled substance violation is required to satisfy the first prong of § 5-74-106. The appellant makes no argument on this point and limits his sufficiency of the evidence challenge to the "simultaneous" aspect of the offense. However, we caution that this opinion should not be read to hold that *any* possession of a controlled substance is sufficient for a conviction under § 5-74-106. We do note that the amount of cocaine recovered in this case is sufficient to raise the presumption of possession with intent to deliver, a felony. Ark. Code Ann. § 5-64-401(d) (Repl. 1993).

We turn now to the evidentiary issues raised by the appellant. He claims first that the cocaine found in his clothing was the result of an illegal, warrantless seizure and, therefore, should have been suppressed.

At the suppression hearing and at trial, the officers who were at the scene of the shooting testified that they initially considered the appellant a victim, not a suspect. They testified that his clothes were to be obtained as evidence. The crime scene specialists testified that it is customary to inventory the contents of clothing for two reasons: one, the police are responsible for the contents and, two, if the clothes are bloody (as these were) they need to be hung to dry, making it necessary to empty the contents. The specialists also testified that, when the plastic bag was pulled from the jeans, it appeared to contain a controlled substance, based upon their experience.

To gain admission of the evidence, the state relied on Ark. R. Crim. P. 10.2. This rule sets out "Permissible Objects of Seizure," among them "evidence . . . concerning the commission of a criminal offense." The appellant argued that the state cannot seize property without a warrant merely because it is termed "evidence." The trial judge, without elaboration, denied the motion to suppress.

■ On appeal of a trial court's ruling on a motion to suppress, this court will make an independent determination of the admissibility of the evidence based on the totality of the circumstances. The trial court's finding will not be set aside unless it is clearly erroneous. *State* v. *Villines*, 304 Ark. 128, 801 S.W.2d 29 (1990).

The appellant argues on appeal that Rule 10.2 is unconstitutionally broad because it allows the seizure of items under the all-encompassing category of "evidence." He offers no convincing authority to support this proposition. But, in any event, we find that there was no infirmity in the application of Rule 10.2 in this case. The totality of the circumstances herein includes the fact that the appellant was thought to be a victim. The clothing of a gunshot victim is evidence of the commission of a crime. These circumstances have convinced other courts to decide that such a seizure was reasonable. *Chavis* v. *Wainwright*, 488 F.2d 1077 (5th Cir. 1973); *Floyd* v. *State*, 24 Md. App. 363, 330 A.2d 677 (1975); *State* v. *Adams*, 224 N.J. Super. 669, 541 A.2d 262 (1988).

The appellant refers in his brief to the case of *Kirk* v. *State*, 38 Ark. App. 159, 832 S.W.2d 271 (1992). In that case, the police searched the vehicle of a man who was taken to the hospital after a car accident. The court held the search unreasonable, noting that no testimony was presented regarding standard procedures for inventory of seized items. By contrast, crime scene specialists testified in this case that, as a matter of procedure, they routinely inventory the contents of all victims' clothing. The United States Supreme Court has recognized that such inventory procedures serve the dual purpose of protecting the owner's property and protecting the police from disputes over lost or stolen property. *Florida* v. *Wells*, 495 U.S. 1 (1990); *South Dakota* v. *Opperman*, 428 U.S. 364 (1976). See also Ark. R. Crim. P. 15.1 which provides that an officer who seizes property must provide for its safekeeping.

■ The totality of the circumstances in this case convinces us that the application of Rule 10.2 allowing the seizure of the clothing was reasonable.

The appellant's final argument concerns chain of custody. The appellant was brought into the hospital on a stretcher. A

nurse on duty in the trauma room saw him and observed that some of his clothing had been cut away from his body. She recalled at trial that the clothing was underneath the appellant's back, on the stretcher. When shown the clothing at trial she testified, although not with absolute confidence, that they fit her memory of how the appellant's clothes looked when he was brought in. She further testified that it was customary hospital procedure for someone on the nursing team to bag the clothing of all trauma victims, put a sticker on the bag bearing the victim's name and date of birth, then tape the bag shut. The bag would then stay with the patient in the trauma room.

A second nurse confirmed that when a trauma victim is brought into the trauma room, his clothes have sometimes been cut away and are lying beneath him. When the victim is rolled over for examination, the clothes are customarily removed and placed in a bag marked with the victim's name. The victim is then kept in a partitioned area of the trauma room, and his personal belongings are kept with him. The nurse further testified that, in this instance, she signed out the bag bearing the appellant's name to officers Swope and Polite. Swope and Polite testified that they received the bag and took it to the crime scene unit, where they performed an inventory of its contents.

At trial, the appellant argued that the state did not establish a proper chain of custody. The trial court, after a careful review of the testimony, disagreed and allowed admission of the evidence. The trial court was correct.

The purpose of the chain of custody requirement is to satisfy the court that the evidence being presented is, in all reasonable probability, authentic and has not been tampered with. *Caldwell* v. *State*, 319 Ark. 243, 891 S.W.2d 42 (1995). The testimony of the nurses regarding their own observations and established hospital procedures presents a reliable chain of custody. Absent evidence of tampering, the trial judge's ruling will not be disturbed unless it was a clear abuse of discretion. *Gomez* v. *State*, 305 Ark. 496, 809 S.W.2d 809 (1991). We find no abuse of discretion in this case.

Affirmed.