2009 Ark. App. 481

**Michael Allen HATCHER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1457.**

Court of Appeals of Arkansas.

June 17, 2009.

Anderson, Murphy & Hopkins, LLP, by: Brett D. Watson, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Leaann J. Irvin, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

Michael Hatcher was convicted by a jury of manufacturing methamphetamine and possessing drug paraphernalia, for which he was sentenced to terms of twenty-four years' and ten years' imprisonment, to run concurrently. His sole point on appeal is that the circuit court erred in denying his motion to suppress. We find no error and affirm Hatcher's conviction.

When reviewing the denial of a motion to suppress evidence, we conduct a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Issues regarding the credibility of witnesses testifying at a suppression hearing are within the province of the circuit court. *Id.* Any conflicts in the testimony are for the circuit court to resolve, as it is in a superior position to determine the credibility of the witnesses. *Id.*

The issue in this case is whether the officers had consent to perform a warrantless search of Hatcher's home. Hatcher was on parole when he was arrested for these offenses. As a condition of his re-

lease on parole, Hatcher signed a document containing the following consent: "You must submit your person, place of residence, and motor vehicles to search and seizure at any time, day or night, with or without a search warrant, whenever requested to do so by any Department of Community Punishment Officer."

On the date of Hatcher's arrest, February 24, 2007, Hatcher's parole officer, Craig Robie, was covering for Anthony Martin's parole officer. Officer Robie testified that he and several Fort Smith police officers had been looking for four hours trying to locate Martin. He said that, during their search for Martin, an officer came and told Officer Robie they had received information that Martin was at Hatcher's residence. Officer Robie testified that he and the other officers were conducting "a parole search" and that he was in control of contacting Hatcher. Officer Robie also testified that he was directing the officers. He said that he "asked them to travel with [him] to Mr. Hatcher's residence to see if [they could] make contact with Mr. Martin."

Officer Robie testified that, while looking through the window outside of Hatcher's home, he saw Martin standing by the kitchen table. He testified that he knocked on Hatcher's front door, that Hatcher opened the door, and that he entered the residence and asked everyone to put their hands up. He said that the Fort Smith officers were there for backup. Fort Smith police officers Bruce Fletcher, Brandon Bird, and Brett Rogers confirmed Officer Robie's testimony that Officer Robie knocked on the door and made the first contact with Hatcher. Officer Robie stated that he smelled a very strong chemical odor, like a meth lab, as soon as Hatcher opened the front door. During a search of Hatcher's home, officers discovered evidence later used against Hatcher

at trial. Hatcher appeals the circuit court's denial of his motion to suppress this evidence.

As a general rule, "[a] warrantless entry into a private home is presumptively unreasonable." *Norris v. State*, 338 Ark. 397, 400, 993 S.W.2d 918, 920–21 (1999) (citing *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984)). The presumption may be overcome if the law-enforcement officer obtained consent to conduct a warrantless search. Ark. R.Crim. P. 11.1. The supreme court has held that a parolee's advance consent is valid because the parolee remains in the custody of the penal institution from which he is released, and the "special needs of the parole process call for intensive supervision of the parolee making the warrant requirement impractical." *McFerrin v. State*, 344 Ark. 671, 678–679, 42 S.W.3d 529, 534 (2001) (quoting *Cherry v. State*, 302 Ark. 462, 467, 791 S.W.2d 354, 357 (1990)).

Hatcher makes two arguments in support of his contention that the circuit court erred in denying his motion to suppress. First, he contends that the officers' search did not comply with the terms of his consent because no one "requested" to search his home, and second, he contends that the search was not a valid "parole search" because his parole officer, Officer Robie, did not solicit the help of police to search Hatcher's home; rather, the police sought out Officer Robie to help them.

The supreme court addressed and rejected the first argument in *McFerrin* because the parolee was required to grant any request to search and, therefore, the parolee's verbal consent at the time of the search was unnecessary. 344 Ark. at 679, 42 S.W.3d at 534. In *McFerrin*, police searched the parolee's sister's home, where the parolee was living, without requesting consent from either the parolee

or his sister immediately before the search. *Id.* The only consent obtained for the search in *McFerrin* was the consent signed by the parolee as a condition of his release—the language of the consent was identical to Hatcher's consent—and a verbal consent by the parolee's sister given prior to the parolee's release as a condition of his living in her home. *Id.* Accordingly, we conclude that the consent signed by Hatcher as a condition of his release requiring him to submit to a search of his place of residence was sufficient to support Officer Robie's search.

Furthermore, the language in the consent signed by Hatcher, "whenever requested to do so ...," does not place a burden on the parole officer verbally to request entry into the residence. Any refusal by the parolee would be futile because the consent clause authorizing the warrantless search states that the parolee must submit to a search and is therefore mandatory. *See McFerrin,* 344 Ark. at 679, 42 S.W.3d at 534.

We also reject Hatcher's second argument. Officer Robie testified that he solicited the other officers' help in searching for Martin at Hatcher's home. He testified that he directed the other officers, that he knocked on Hatcher's door, and that he was the first one to enter Hatcher's home. A parole officer may enlist the aid of the police, and a police officer may act at the direction of the parole officer without overreaching the scope of the search. *Cherry,* 302 Ark. at 468, 791 S.W.2d at 357. Issues regarding the credibility of witnesses testifying at a suppression hearing are within the province of the circuit court. *Morgan,* 2009 Ark. at 6, 308 S.W.3d at 152. Any conflicts in the testimony are for the circuit court to resolve, as it is in a superior position to determine the credibility of the witnesses. *Id.* The

testimony provided in this case is sufficient to support the circuit court's ruling.

Accordingly, we hold that the circuit court's denial of Hatcher's motion to suppress was not clearly against the preponderance of the evidence, and therefore we affirm.

Affirmed.

ROBBINS and BROWN, JJ., agree.