SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–12–463

**Opinion Delivered** January 8, 2014

SHANE DONOVAN WADE

APPELLANT

APPEAL FROM THE
INDEPENDENCE COUNTY
CIRCUIT COURT
[NO. CR-2011-27-1]

V.

HONORABLE JOHN DAN KEMP,
JUDGE

STATE OF ARKANSAS

APPELLEE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

The appellant was found guilty of aggravated robbery by means of a firearm and was sentenced as a habitual offender to sixty-five years' imprisonment. His sole argument for reversal is that his Fourth Amendment rights were violated by the seizure of his white ball cap and shoes, which were introduced at trial to aid in identifying appellant, and that evidence relating to these items should have been suppressed. We affirm.

On appeal of a trial court's ruling on a motion to suppress, we conduct an independent review based on the totality of the circumstances to determine whether the disputed evidence was unlawfully obtained. *Mitchell v. State*, 321 Ark. 570, 906 S.W.2d 307 (1995). We will reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Koster v. State*, 374 Ark. 74, 286 S.W.3d 152 (2008). Viewed in that light, the record shows that Detective Robert Moser was investigating an armed robbery that took

place in Batesville on February 15, 2011. The victims told the detective that two white men armed with black guns came into their residence and awakened them in their bedrooms with verbal threats, pointed pistols, and demands for valuables. The two men who committed the robbery were described in detail during a subsequent interview; one man was described as wearing a brown jacket and a brown ball cap with two chrome-colored metal spikes on each side, while the other man was wearing a white ball cap and a shirt with horizontal stripes of blue and white. Detective Moser then contacted the owner of a convenience store near the robbery scene and asked to view the store's surveillance video for the night in question. Two white males attired in clothing matching the description given by the victims were seen entering the store, making transactions, and leaving together in a white Cadillac.

Thereafter, Detective Moser received information that a Cadillac matching the one seen in the surveillance video had been abandoned in Batesville. The vehicle was impounded and searched pursuant to a warrant. It was found to contain appellant's wallet and identification, along with a blue-and-white striped shirt that matched the victim's description of the shirt worn by the robber and seen in the surveillance video.

Detective Moser sought appellant. Learning that appellant had a few hours earlier been incarcerated on unrelated outstanding warrants, Detective Moser went to the property room of the jail, where appellant's clothing had been removed and stored when he was outfitted with prison garb per police procedure at the time of his arrest. Detective Moser found and seized appellant's white ball cap and shoes from the property room and



photographed them. Appellant argues that this was an illegal search and seizure and that the evidence should have been suppressed. We do not agree.

Here, there was no search that would implicate the Fourth Amendment. In *South Dakota v. Opperman*, 428 U.S. 364 (1976), the Supreme Court noted that inventory procedures developed in response to three distinct needs on the part of police departments: 1) the protection of the owner's property while it remains in police custody; 2) the protection of the police against claims or disputes over lost or stolen property; and 3) the protection of the police from potential danger. *See also Henderson v. State*, 16 Ark. App. 225, 699 S.W.2d 419 (1985). When conducted pursuant to standard procedure, and where aimed at securing or protecting the owner's property, the Court has consistently sustained inventories as exceptions to the search-warrant requirement. *Id*. Under similar circumstances, the Arkansas Supreme Court has held that seizure of clothing lawfully taken and inventoried, that was still in the possession of police, did not offend the Fourth Amendment's proscription against unreasonable searches and seizures. *Mitchell v. State*, *supra*. We think that the record sufficiently demonstrates that the clothing in question was inventoried pursuant to standard procedure for reasons consistent with those stated in *South Dakota v. Opperman*, *supra*, and we affirm.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Walker Law Firm, PLLC*, by: *Kent Walker*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.