

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–765

|  |  |
|---|---|
| | **Opinion Delivered** February 19, 2014 |
| ROBERT L. LEWIS<br><div align="right">APPELLANT</div> | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CR-11-2078] |
| V. | |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | HONORABLE WENDELL GRIFFEN, JUDGE |
| | AFFIRMED |

### WAYMOND M. BROWN, Judge

Appellant Robert Lewis was convicted in Pulaski County Circuit Court of possession of a controlled substance with intent to deliver and maintaining a drug premises. He received concurrent sentences of ten years' imprisonment followed by five years' suspended imposition of sentence. On appeal, he challenges the circuit court's denial of his motion to suppress evidence. We affirm.

On March 29, 2011, appellant's parole officer, Barbara Douglas, received information from a confidential informant that appellant was trafficking in narcotics and that the narcotics and a purse containing a large sum of money could be found in appellant's padlocked room. Douglas had appellant report to her office. The vehicle appellant arrived in was searched. The search of the vehicle turned up a knife and some pepper spray. Douglas decided to do

SLIP OPINION

a home visit on appellant based on the information she received from her confidential informant. The Little Rock Police Department was subsequently called in to assist in the search. They secured a search warrant based on information relayed by Douglas to Detective Hallee Hughes. The search of the room turned up nearly $5,000 in cash and 24.5693 grams of cocaine.

Appellant waived his right to a jury trial on April 27, 2012. He filed a motion to suppress the evidence on March 27, 2013. In the motion, appellant alleged that: (1) the alleged contraband was seized at another person's residence, which was not his residence on file with the Department of Community Correction; (2) the search warrant was invalid because the Little Rock Police Department obtained a search warrant after the parole officers entered the residence unlawfully; (3) the search was a violation of appellant's right to be free from unreasonable searches and seizures as guaranteed by the United States Constitution and the Arkansas Constitution. The State filed a response on March 29, 2013, stating that; (1) the "home visit" and subsequent search took place at the residence on file for appellant; (2) the Little Rock Police Department was enlisted by Douglas to assist in the search of appellant's residence; (3) the search warrant was in compliance with Arkansas Rule of Criminal Procedure 13.3, the Fourth Amendment of the United States Constitution, and the Arkansas Constitution.

Appellant's bench trial took place on April 18, 2013. The court dealt with appellant's suppression motion as part of his bench trial. Debra James testified that she was currently appellant's parole officer. She stated that she was not assigned as his parole officer on March

SLIP OPINION

29, 2011, but that she became his parole officer in August 2011 after Douglas's employment had ended. James said that appellant had executed a Conditions of Release Form on December 3, 2010, agreeing to a search of his person, place of residence, or vehicle at any time with or without approval, by any Department of Correction officer. She stated that appellant was originally paroled to 76 West Windsor Street, but that as of January 25, 2011, his address was listed as 4200 West 25th Street. James testified that as appellant's parole officer, she does not need a warrant to search his person or residence because he signed the form. However, she stated that she would have to have a reason to conduct a search pursuant to the form.

Arzo Johnson testified that he was a state parole agent from the North Little Rock office. He stated that he was part of the abscond recovery team, and that he was working in that capacity on March 29, 2011, when he assisted Douglas with a home visit of appellant. He said that he placed appellant in the car and that they went to 4200 West 25th Street. He testified that as they were going to the address, he overheard a conversation between appellant and Douglas. According to Johnson, appellant told Douglas that his "door was to the left and it had a lock on it." He said that Douglas asked appellant for the combination to the lock and that appellant gave it to Douglas. Johnson testified that they searched the room and found a lot of cash. He stated that at that time, they backed out of the room and called the Little Rock Police Department for help. He said the police department secured a warrant and took possession of the money. Johnson stated that the reason they call the police department for assistance is because they do not have a lockup or a place to store the things they confiscate.

3

SLIP OPINION

Johnson contended that appellant identified the room as his and gave Douglas the combination to the lock.

On cross-examination, Johnson stated that appellant identified the money as being his student-loan money. He conceded that it was not illegal to have money and that having money was not an indicia of a crime. According to Johnson, appellant gave a valid reason for having the money.

On redirect, Johnson testified that money was not the only thing found in appellant's room. He continued that, as a parole officer, "finding money in a room would be an indication that the room needed to be searched. Usually when we find money like that, there's drugs around."

Jeffrey Plunkett of the Little Rock Police Department testified that he conducted the search of appellant's residence on March 29, 2011, while working as a narcotics detective. According to Sergeant Plunkett, once they received the search warrant, they searched appellant's bedroom and found $4,557 in a purse sitting on top of the bed. He also stated that they found two off-white rocks that, based on his experience and training, appeared to be crack cocaine on the floor in the bedroom. Sergeant Plunkett stated that he was given a folding knife, some dog-repellant mace, and $342 by the parole officers. He said that the parole officers also found a house key fitting the front door of the residence on appellant's person. Sergeant Plunkett stated that the amount of narcotics discovered in appellant's room was not considered a personal-use amount.

SLIP OPINION

On cross-examination, Sergeant Plunkett stated that he received all of his facts for the search warrant from Douglas and that he relayed that information to Detective Hughes. He said that he had no personal knowledge of what Douglas had done. He testified that the room was unlocked when he arrived and that the purse was laying on the bed. He stated that the narcotics were not in plain view, but that they were found during the search of the room. He said that he did not recall seeing any paperwork about a student loan.

On redirect, Sergeant Plunkett stated that the room contained men's clothing in it and paperwork belonging to appellant.

Detective Hughes of the Little Rock Police Department testified that she was contacted by Douglas on March 29, 2011, saying that she found evidence of narcotics and narcotics trafficking during a search of a parolee. She stated that Douglas indicated that she had received information from a confidential informant about appellant's possible drug trafficking. She said that she typed a search and seizure warrant in good faith based on the information obtained from Douglas. Detective Hughes stated that she signed the affidavit and that the warrant was signed by a judge. She said that appellant had a key to the front door of the house on a key ring. She testified that she found paperwork belonging to appellant in the room and some miscellaneous handwritten notes. According to Detective Hughes, one item found in the room was an order of dismissal for an order of protection filed against appellant by Mia Bennett, the mother of Lewis's child. Detective Hughes stated that the cocaine found in the room weighed almost an ounce and that she considered that to be a distribution amount.

5

On cross-examination, Detective Hughes stated that all the facts constituting probable cause for the search warrant came from Douglas. She said that Bennett was Douglas's confidential informant and that Bennett and appellant "had been squabbling back and forth." She also stated that Bennett was on parole. Detective Hughes said that when they arrived at the residence, it appeared that they had not been given all of the information prior to their arrival. For example, she stated that they had not been told that Bennett had a child with appellant and that they were involved in a dispute over paternity and custody. She said that she was also unaware that appellant had been in court the morning of March 29 over an order of protection that was dismissed because of Bennett's failure to appear. She also stated that they were not informed about what took place at the parole office prior to their involvement. Detective Hughes testified that she "felt like [they] should have been given more information if it was known at the time that [they] were not given."

Christy Williford, a chemist at the Arkansas State Crime Lab, testified that the narcotic discovered in appellant's room were cocaine, a Schedule II drug.

The State rested its case. At that time, appellant argued that the evidence should be suppressed for a number of reasons: (1) that there was a lack of probable cause for a search warrant based on Douglas, who did not even appear to testify, finding money in a bedroom allegedly belonging to appellant; (2) that there was no competent evidence, other than hearsay, to indicate that appellant lived at the residence or that the bedroom searched belonged to him; (3) that the State failed to bring any competent evidence showing that Douglas had any basis for the search of the residence or appellant; (4) that there was no

evidence that appellant had exclusive control of the room; (5) that the probable cause for the warrant was defective; (6) that there was no evidence that the vehicle in which the folding knife and dog repellant were found belonged to appellant or that the items were in his exclusive control; (7) that possessing money was not probable cause of anything, especially in this case where appellant had a legitimate reason for possessing the money. The court overruled the suppression motion:

> The Court finds that the State had consent to enter the premises, consent having been given by defendant. The defendant gave the law enforcement the combination of the padlock that was on the door and that he identified as his bedroom and gave them consent, and, therefore, that addresses the issue of the legitimacy of the entrance into the premises.
>
> The Court overrules the suppression with regard to items seized. The defendant identified items seized as his property, whether it was currency or other items, paperwork and, therefore, the Court overrules the suppression motion.

Ida Spears testified that she leased the house located at 4200 West 25th Street. She stated that appellant was her nephew, but denied that he lived at the address at the time of the search. She said that he would stay some nights at the house but that he did not reside there prior to the search. She testified that the room in which the money and narcotics were found belonged to her niece, Nikki Smith. According to Spears, she thought the purpose of Douglas's visit on March 29, 2011, was a requirement before appellant could move in with her. She denied telling anyone that appellant lived there or that the room with the lock on it belonged to appellant. She also denied that appellant had the combination to the lock on the bedroom door. Spears stated that the purse and money found in the bedroom belonged to her niece, Tasha Smith. She said that to her knowledge, appellant did not have a key to

7

her house. According to Spears, Nikki was a drug user who was in the process of being evicted by Spears. She stated that since his release from jail, appellant has lived with her at the address in question. She also stated that Bennett filed two petitions against appellant that were subsequently dismissed.

On cross-examination, Spears stated that appellant spent the night at her house on March 28. She also said that appellant received mail at the address, but that he was not living there "yet." Spears testified that the cocaine found in the bedroom belonged to Nikki. She further stated that only she and Nikki had the combination to the padlock on the bedroom door. She said that the money found in the bedroom belonged to both Tasha and appellant.

Tasha testified that she married appellant on July 7, 2011. She stated that she went to court with appellant on March 29, 2011, but that Bennett did not show up. She said that appellant received a call from his parole officer right after court, and he was asked to come in. Tasha stated that appellant went into the office and that a security guard and two parole officers came out and searched the car. She said that the knife and mace were found in her purse. She stated that appellant lived with his sister, not at the residence that was searched, in March 2011. Tasha testified that the bedroom where the money and narcotics were found belonged to Nikki. She stated that she and appellant slept on separate couches when they stayed overnight at Spears's house. Tasha said that Spears allowed her to leave her purse in Nikki's room while they went to court. She stated that they planned to go and purchase a vehicle after court, but that they did not want to leave that large sum of money, $8,500, in

8

the car while they were in court. She testified that she had no idea what happened to the other $4,000 that was confiscated.

On cross-examination, Tasha stated that Nikki had a long-standing problem with drugs. She said that she left the money in Nikki's room because Nikki was leaving with them and would not be able to get to the money. She contended that appellant was not living at 4200 West 25th Street on March 29, 2011. Tasha testified that she "guess[ed] half of [the money] just came missing mysteriously and the purse is gone."

Appellant renewed his suppression motion at the conclusion of the evidence. The court denied the motion stating that it had previously ruled "that the issue of probable cause was vitiated by consent. As the Supreme Court has held that whereas probable cause is a prerequisite for a search pursuant to the Fourth Amendment, that consent is an exception to the requirement of probable cause." The court found that Johnson's testimony established that appellant granted consent for the search of the front bedroom and that appellant also gave the combination to the padlock on the bedroom door. The court stated that this information was disclosed by appellant, thereby giving consent. The court also found that appellant had a key to the front door of the residence on his person.

Appellant was found guilty of possession of a controlled substance with intent to deliver and maintaining a drug premises. He was sentenced to ten years' imprisonment followed by an additional five years' suspended. He filed a timely notice of appeal. This appeal followed.

On appeal of a trial court's ruling on a motion to suppress, we conduct an independent review based on the totality of the circumstances to determine whether the disputed evidence was unlawfully obtained.[1] We will reverse only if the circuit court's ruling is clearly against the preponderance of the evidence.[2]

As a general rule, "[a] warrantless entry into a private home is presumptively unreasonable."[3] The burden is on the State to prove that the warrantless activity was reasonable.[4] The presumption may be overcome if the law-enforcement officer obtained consent to conduct a warrantless search.[5] For instance, our supreme court has held that a parolee's advance consent is valid because the parolee remains in the custody of the penal institution from which he is released, and the "special needs of the parole process call for intensive supervision of the parolee making the warrant requirement impractical."[6] Additionally, a parole officer may enlist the aid of the police, and a police officer may act at the direction of the parole officer without overreaching the scope of the search.[7]

---

[1]*Mitchell v. State*, 321 Ark. 570, 906 S.W.2d 307 (1995).

[2]*Koster v. State*, 374 Ark. 74, 286 S.W.3d 152 (2008).

[3]*Norris v. State*, 338 Ark. 397, 993 S.W.2d 918 (1999).

[4]*Id.*; *Wofford v. State*, 330 Ark. 8, 952 S.W.2d 646 (1997).

[5]Ark. R. Crim. P. 11.1 (2013).

[6]*Cherry v. State*, 302 Ark. 462, 467, 791 S.W.2d 354, 357 (1990).

[7]*Id.*; *Hatcher v. State*, 2009 Ark. App. 481, 324 S.W.3d 366.

Appellant argues on appeal that the court erred by denying his suppression motion because he never gave the Little Rock Police Department consent to search, and because the affidavit did not set forth particular facts supporting a probable-cause finding, i.e., the informant's reliability.  The State contends that appellant's arguments are not preserved for appeal because he either failed to raise them below or failed to get a ruling on them.  We agree.  It is well settled that our appellate court will not consider arguments raised for the first time on appeal.[8]   Moreover, failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal.[9]  Accordingly, we affirm.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Lea Ellen Fowler*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

---

[8]*Dowty v. State*, 363 Ark. 1, 210 S.W.3d 850 (2005).

[9]*Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___.