Cite as 2014 Ark. App. 711

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-14-626

| | |
|---|---|
| | Opinion Delivered  December 17, 2014 |
| JORDAN ARIE SCHNEIDER<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR-2012-1434-1] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN GREEN, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Jordan Schneider appeals the denial of his motion to suppress because, he argues, a discrepancy between his vehicle's color and the color indicated on the vehicle's registration did not provide reasonable suspicion to conduct an investigatory stop. The issue presented is a close one, but we affirm the circuit court's denial.

I.

In October 2012, Schneider pled guilty to possession of a controlled substance and possession of drug paraphernalia in the Benton County District Court and appealed to the Benton County Circuit Court. Schneider then filed a motion to suppress, alleging that he was unlawfully stopped by the police. The court held a suppression hearing in November 2013, at which Officer Dustin Wiens of the Rogers Police Department testified on direct and cross-examination that on 24 November 2011, at approximately 1:00 a.m., he and another officer were sitting inside a patrol car at an intersection when Schneider's car passed by. Officer Wiens explained that, for no particular reason, they began following

Schneider's vehicle and ran the vehicle license to check the year, make, model, and color of the car. The license-plate check indicated that the car was a blue 1992 Chevrolet Camaro. The officer recalled seeing a red car when it passed by him, and he noticed while following the car that it had a black bumper. He also testified that he never saw any blue on the car before he pulled Schneider over and had no opportunity "to pull up beside" Schneider's car to look at "the other side" before he made the stop. Officer Wiens told the court the stop was necessary to investigate whether the car was stolen but agreed that, but for the color discrepancy, he would not have stopped Schneider.

In closing arguments, the defense argued that the color discrepancy alone did not establish reasonable suspicion and cited *Van Teamer v. State*, 108 So. 3d 664 (Fla. Dist. Ct. App. 2013), to support the argument. That case presented the same issue: whether an investigatory stop based solely on a color inconsistency between the vehicle and the car-registration information was reasonable. The Florida First District Court of Appeal held that a color discrepancy alone does not justify an investigatory stop.

The circuit court acknowledged this case law but stated, "I don't believe that's the state of the law in Arkansas." The court denied the motion to suppress. Schneider then entered a conditional plea of guilty to the charges of possession of a controlled substance and possession of drug paraphernalia and appealed.

II.

In reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical

2

facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *King v. State*, 2014 Ark. App. 81, 432 S.W.3d 127. We defer to the circuit court's credibility and weight-of-the-evidence determinations and reverse only if the court's decision is clearly against the preponderance of the evidence. *Gilbert v. State*, 2010 Ark. App. 857, 379 S.W.3d 774.

Schneider argues that the officer lacked reasonable suspicion to initiate the investigatory stop. Reasonable suspicion is defined as "a suspicion based on facts or circumstances which of themselves do not give rise to probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R. Crim. P. 2.1 (2014). "Whether there is reasonable suspicion depends upon whether, under the totality of the circumstances, the police have specific, particularized, and articulable reasons indicating that the person may be involved in criminal activity." *Menne v. State*, 2012 Ark. 37, at 6, 386 S.W.3d 451, 455 (internal citation omitted).

In support of his argument, Schneider notes that *Van Teamer* was reviewed by the Florida Supreme Court, which approved the First District's decision and held that "the likelihood that a color discrepancy such as that at issue here indicates a stolen vehicle *may* be high enough to make it a relevant factor, but standing alone, it does not justify initiating a stop to determine if the law has been violated." *State v. Van Teamer*, No. SC13-318, 2014 WL 2979378 (Fla. July 3, 2014) (emphasis in original). He also cites us

3

to *United States v. Uribe*, 709 F.3d 646, 648, 651 (7th Cir. 2013), which characterized the particular issue as one of first impression in the federal courts and held that "investigatory stops based on color discrepancies alone are insufficient to give rise to reasonable suspicion." Schneider urges us to follow *Van Teamer* and *Uribe*, reverse the circuit court, and grant his motion to suppress.

The State contends that the color discrepancy supplied Officer Wiens with reasonable suspicion to stop Schneider's car and investigate whether it was stolen, citing *Smith v. State*, 713 N.E.2d 338 (Ind. Ct. App. 1999). There, a police officer made a traffic stop on a blue and white Oldsmobile after a computer check of the license plate revealed that the plate was registered to a yellow Oldsmobile. The Indiana Court of Appeals held that this investigatory stop was valid and supported by reasonable suspicion that the vehicle had a mismatched plate, and as such, could be stolen or retagged.

Different courts have reached different conclusions on the issue presented here. Today, however, we hold that a color discrepancy like the one presented in this case permits an officer to reasonably suspect that, for example, the tags are fictitious or that the car may be stolen—both of which justify an investigatory stop. Ark. Code Ann. § 27-14-306 (Repl. 2008); s*ee also Smith*, *supra*; *Andrews v. State*, 658 S.E.2d 126 (Ga. Ct. App. 2008) (a discrepancy between a car's color and the registered color allows an officer to stop a vehicle and investigate); *Thammasack v. State*, 747 S.E.2d 877, 880 (Ga. Ct. App. 2013) (same).

The circuit court's denial of Schneider's motion to suppress is affirmed.

4

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.