SLIP OPINION

Cite as 2015 Ark. 152

# SUPREME COURT OF ARKANSAS

No. CR-14-1104

| | |
|---|---|
| JORDAN ARIE SCHNEIDER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 9, 2015<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR-12-1434]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br><u>REVERSED AND REMANDED; COURT OF APPEALS OPINION VACATED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Jordan Arie Schneider appeals from his convictions on charges of possession of a controlled substance and possession of drug paraphernalia. He argues that the circuit court erred by denying his motion to suppress evidence seized following a stop of his vehicle that he claimed was illegal. Our court of appeals affirmed the decision of the circuit court. *Schneider v. State*, 2014 Ark. App. 711, 492 S.W.3d 601. Appellant petitioned this court for review, which was granted. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *Fowler v. State*, 2010 Ark. 431, 371 S.W.3d 677. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(e) (2014). We reverse and remand the circuit court's sentencing order and vacate the opinion of the court of appeals.

Appellant pled guilty to charges of possession of a controlled substance and possession

SLIP OPINION

of drug paraphernalia in the Benton County District Court. The charges arose from a traffic stop of appellant's vehicle on November 24, 2011. Appellant appealed to the Benton County Circuit Court. In the circuit court, appellant filed a motion to suppress evidence seized by police, alleging that the stop of his vehicle was unlawful.

At the suppression hearing, Dustin Wiens with the Rogers Police Department testified that he was at the intersection of North Second Street and Wood Street at approximately 1:00 a.m. on November 24, 2011, when appellant drove past him. He pulled behind appellant and ran the vehicle's license plate. The license plate returned as being registered to a blue 1992 Chevrolet Camaro. Officer Wiens testified that he noticed that the car was red when it passed him and saw that the bumper was black while he was following it. Based solely on the color discrepancy, Officer Wiens stopped the vehicle and made contact with appellant. He testified that he performed the stop in order to investigate further, check the vehicle-identification number, and determine whether the vehicle had been painted or was stolen. Appellant introduced photographs of the vehicle that Officer Wiens described as showing a car with a red door, black bumper, and other parts that were painted blue. Officer Wiens denied seeing any blue on the car before he stopped it. He repeated on cross-examination that the color of the vehicle was the only reason that he initiated the traffic stop.

The trial court denied appellant's motion to suppress. Appellant subsequently entered a conditional plea of guilty to the charges of possession of a controlled substance and

possession of drug paraphernalia pursuant to Arkansas Rule of Criminal Procedure 24.3.[1]  He

was sentenced to ten days in jail, with seven days suspended, and assessed fines, fees, and court

costs on the charge of possession of a controlled substance.  He was sentenced to ten days in

jail, with all ten days suspended, and assessed fines, fees, and costs on the charge of possession

of drug paraphernalia.  This appeal followed.

When reviewing a circuit court's denial of a motion to suppress evidence, the appellate

court conducts a de novo review based on the totality of the circumstances, reviewing

findings of historical facts for clear error and determining whether those facts give rise to

reasonable suspicion or probable cause, giving due weight to the inferences drawn by the trial

court. *Pickering v. State*, 2012 Ark. 280, 412 S.W.3d 143.  A finding is clearly erroneous, even

if there is evidence to support it, when the appellate court, after reviewing the entire

evidence, is left with the definite and firm conviction that a mistake has been made.  *Id*.  We

defer to the circuit court's superior position in determining the credibility of the witnesses and

resolving any conflicts in the testimony. *Id*.

Appellant argues that a discrepancy between the color of a vehicle and the color listed

on the registration, standing alone, is insufficient to give rise to a reasonable suspicion of

criminal activity necessary to justify the stop of his vehicle by Officer Wiens.  Pursuant to

---

[1]With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement. Ark. R. Crim. P. 24.3(b)(i) (2014).

Arkansas Rule of Criminal Procedure 3.1 (2014),

> [a] law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger or forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

"Reasonable suspicion" is defined as a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion. Ark. R. Crim. P. 2.1 (2014). Whether there is reasonable suspicion depends upon whether, under the totality of the circumstances, the police have "specific, particularized, and articulable reasons indicating that the person may be involved in criminal activity." *Menne v. State*, 2012 Ark. 37, at 6, 386 S.W.3d 451, 455 (quoting *Malone v. State*, 364 Ark. 256, 263, 217 S.W.3d 810, 814 (2005)).

In making his argument, appellant urges this court to adopt the reasoning utilized by a district of the Florida Court of Appeals in *Van Teamer v. State*, 108 So. 3d 664 (Fla. App. Dist. 2013). In *Van Teamer*, the Florida appellate court held that a discrepancy between the color of a vehicle and the color listed on the registration, standing alone, does not justify a traffic stop. Appellant also directs this court to the decision in *United States v. Uribe*, 709 F.3d 646 (7th Cir. 2013), in which the United States Court of Appeals for the Seventh Circuit held that no reasonable suspicion of vehicle theft attached to a completely lawful color discrepancy in the absence of any evidence suggesting otherwise.

In arguing that the decision of the circuit court should be affirmed because the color discrepancy gave rise to a reasonable suspicion of criminal activity, the State relies on the decision of the Georgia Court of Appeals in *Andrews v. State*, 658 S.E.2d 126 (Ga. Ct. App. 2008) as well as the decision of the Indiana Court of Appeals in *Smith v. State*, 713 N.E.2d 338 (Ind. App. 1999). In both *Andrews* and *Smith*, the appellate court held that a color discrepancy gave rise to a reasonable suspicion of criminal activity sufficient to justify a stop of the vehicle because the discrepancy was an indication that the vehicle may have been retagged or stolen.

We conclude that the decisions in *Van Teamer* and *Uribe* are more persuasive given the facts presented in this case. In *Van Teamer*, the court noted that there was no requirement under Florida law for a registration to be updated to reflect a change in a vehicle's color. In affirming the court of appeals decision, the Florida Supreme Court stated that "the color discrepancy here is not 'inherently suspicious' or 'unusual' enough or so 'out of the ordinary' as to provide an officer with a reasonable suspicion of criminal activity, especially given the fact that it is not against the law in Florida to change the color of your vehicle without notifying the DHSMV." *State v. Teamer*, 151 So. 3d 421, 427 (Fla. 2014).

Arkansas, like Florida, has no requirement that the owner of a vehicle change the registration to reflect the color of a vehicle in the event it is painted or the color otherwise altered.[2] It is also not prohibited in Arkansas to replace portions of a vehicle's body with new

---

[2]The State asserts that Officer Wiens had probable cause to stop the vehicle pursuant to Arkansas Code Annotated section 27-14-306(a) (Repl. 2008), which prohibits the display

body pieces that do not match the vehicle's original color. The innocence of the conduct, however, is not determinative, as the United States Supreme Court has stated, in connection with a reasonable-suspicion inquiry, that "the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *United States v. Sokolow*, 490 U.S. 1, 10 (1989).

Here, although Officer Wiens testified that he would conduct a stop in the event of a color discrepancy to determine whether the vehicle was stolen, he did not testify that, in his experience, car thieves would change the color of a vehicle after it had been stolen or that a discrepancy in color was indicative of any type of criminal conduct. There was, therefore, no evidence before the circuit court that a color discrepancy was indicative of any criminal activity that would possibly allow otherwise innocent behavior to give rise to a reasonable suspicion of criminal activity. *See Uribe*, 709 F.3d at 652 (stating that the government had provided no information on the correlation between repainted vehicles and stolen ones).

It is clear, based on the testimony at the suppression hearing, that Officer Wiens was acting on a purely conjectural suspicion that appellant was engaged in illegal activity at the time he initiated the traffic stop. Thus, the stop was not based on a reasonable suspicion that appellant was engaged in criminal activity, and the circuit court erred by denying appellant's motion to suppress. As a result, we reverse and remand the sentencing order of the circuit

---

on a vehicle of a registration plate not issued for the vehicle. However, a change in color need not be reflected on the registration linked to the plate. Also, Officer Wiens did not testify that he believed that a violation of section 27-14-306(a) had occurred when he stopped the vehicle. Therefore, Officer Wiens did not have probable cause to stop appellant's vehicle.

court.

Reversed and remanded; court of appeals opinion vacated.

*Norwood & Norwood, P.A.*, by: *Alison Lee* and *Doug Norwood*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.