SLIP OPINION



Cite as 2015 Ark. App. 538

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-15-140

| | |
|---|---|
| JAMES MIKEL REEP<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 30, 2015<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO.63-CR-14-443]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant James Reep appeals his conviction of driving while intoxicated (DWI), sixth offense. He argues on appeal that the evidence was insufficient (1) to convict him of DWI, and (2) to conclude that this was his sixth offense. We do not reach the merits of appellant's argument due to deficiencies in the abstract, brief, and addendum.

Arkansas Supreme Court Rule 4–2(a)(5)(A)[1] requires that an appellant create an abstract of the material parts of the transcript in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Here, appellant has failed to abstract all of the material parts of the transcript, including the transcript of the DVD played before the court. Additionally, appellant has

---

[1](2015).

abstracted more than one page before giving a record page reference. This, too, is a rule violation.[2]

Appellant's addendum is deficient as well. Rule 4–2(a)(8) requires that the addendum to an appellant's brief include all documents essential for the appellate court to understand the case and issues on appeal. Here, appellant has failed to include the following: (1) the DVD of him performing the field sobriety tests, (2) the implied consent form, (3) the BAC test results, and (4) his waiver of a trial by jury.

Due to the numerous deficiencies, we order appellant to file a substituted brief, abstract, and addendum curing these deficiencies within fifteen days from the entry of this order.[3] We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies. Counsel should carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered.

ABRAMSON and HARRISON, JJ., agree.

*Ogles Law Firm*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[2] *See* Ark. Sup. Ct. R. 4–2(a)(5)(B).

[3] Ark. Sup. Ct. R. 4–2(b)(3).