SLIP OPINION

Cite as 2015 Ark. 421

# SUPREME COURT OF ARKANSAS

No. CR-15-266

| | | |
|---|---|---|
| WILLIAM DEWEY GILL | | **Opinion Delivered** November 12, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE WHITE |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. CR-2013-287] |
| | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT EDWARDS, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART. |
| | | |
| | | COURT OF APPEALS OPINION VACATED. |

**HOWARD W. BRILL, Chief Justice**

Appellant William Gill appeals from the sentencing order of the White County

Circuit Court reflecting his convictions for negligent homicide and inadequate insurance

during an accident and his total sentence of six months in the county jail. On appeal, Gill

contends that the circuit court erred in denying his motion to dismiss the negligent-homicide

charge because the State failed to present sufficient evidence of criminal negligence. He also

contends that the circuit court erred in denying his motion to dismiss the inadequate-

insurance charge because the State did not present sufficient evidence that he failed to carry

adequate insurance at the time of the accident.[1] We affirm in part and reverse and dismiss in

---

[1]Gill originally appealed to the court of appeals, which affirmed. *See Gill v. State*, 2015 Ark. App. 162, 457 S.W.3d 674. Gill then petitioned this court for review, and we granted

part.

On March 19, 2012, Gill was driving on North Apple Street in Beebe. The victim, Emmaly Holt, was driving on Highway 367 with no requirement to stop at the intersection of those two roads. In a statement given at the scene, Gill said that he "stopped at the stop sign on Apple," and "looked both ways," but "did not see any car coming." Gill proceeded through the stop sign, and a collision occurred between his vehicle and Holt's vehicle. Holt was pronounced dead at the scene of the collision. Blood testing determined that Gill had neither drugs nor alcohol in his system at the time of the collision; he was seventy-one years old at the time.

On October 28, 2013, the State filed a misdemeanor information, alleging that Gill had committed the offenses of negligent homicide and failure to maintain adequate liability insurance. The circuit court held a bench trial on January 22, 2014. At the conclusion of the State's evidence and at the close of all evidence, Gill moved for dismissal of the charge of negligent homicide, arguing that the State had failed to present sufficient evidence that he had acted negligently and that he had caused Holt's death. Gill also moved for dismissal on the charge of inadequate insurance, arguing that the State had failed to meet its burden of proving that he did not have insurance at the time of the accident. The circuit court found Gill guilty of both offenses and sentenced him to six months in the county jail[2] and $2500

the petition. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *E.g.*, *Schneider v. State*, 2015 Ark. 152, at 1, 459 S.W.3d 296, 297.

[2]Gill was sentenced to concurrent terms of six months for each offense.

in fines and court costs. Gill filed a timely notice of appeal.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is a challenge to the sufficiency of the evidence. *See Russell v. State*, 367 Ark. 557, 560, 242 S.W.3d 265, 267 (2006); Ark. R. Crim. P. 33.1 (2015). The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *E.g.*, *Ross v. State*, 346 Ark. 225, 230, 57 S.W.3d 152, 156 (2001). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id.*, 57 S.W.3d at 156. Circumstantial evidence may constitute substantial evidence to support a conviction. *E.g.*, *Wallace v. State*, 2009 Ark. 90, at 6, 302 S.W.3d 580, 585. The longstanding rule in the use of circumstantial evidence is that, to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id.*, 302 S.W.3d at 585. On appeal, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *E.g.*, *Stephenson v. State*, 2013 Ark. 100, at 5, 426 S.W.3d 416, 420.

## I. *Negligent Homicide*

Gill contends that the circuit court erred in denying his motion to dismiss the negligent-homicide charge because the State failed to present sufficient evidence of criminal negligence. Trooper Andy Simpson of the Arkansas State Police testified that on March 29, 2012, at approximately 10:45 a.m., he was dispatched to a two-vehicle accident at the intersection of Highway 367 and North Apple Street in Beebe. Simpson stated that, after

arriving at the scene, he saw a pickup truck and a car off the east shoulder of the road. He also stated that the vehicles were "impacted together" and that the pickup truck "was still up against the driver's side door" of the car. According to Simpson, Holt, the driver of the car, was still in her vehicle, and she was obviously deceased.

Simpson testified that there were stop signs on both sides of North Apple, that vehicles on Highway 367 had the right-of-way, and that the weather conditions that day were clear and dry. Simpson also testified that he measured the distance between the stop sign on North Apple and the point of impact of the collision to be approximately forty-three feet. As part of his investigation, Simpson documented gouge marks in the concrete of the eastbound lane that established the point of impact. He stated that, given the point of impact, it did not appear that Holt had attempted to veer or otherwise take evasive action when Gill's truck went into her lane. Simpson testified that he made contact with Gill at the scene and that Gill gave a statement about the collision. In the statement, which Simpson read aloud at trial, Gill said that he stopped at the stop sign and looked both ways, but he "did not see" Holt's vehicle. Gill was not given a traffic citation by Simpson or any other police officer.

Trooper Ronald Laslo, qualified as an expert in accident reconstruction, testified that he investigated the collision and reached conclusions about the speed of the vehicles and their directions of travel. According to Laslo, at the point of impact, Gill's truck was traveling at a minimum of ten miles per hour, and Holt's vehicle was traveling at a minimum of thirty-eight miles per hour. The vehicles collided in Holt's lane, and there were no skid marks visible from either direction made by either vehicle.

Robert Burns, a deputy coroner with the White County Coroner's Office, testified that he was called to the collision site where he pronounced Holt dead. Burns testified that, based upon his training as a deputy coroner, it was his opinion that the cause of Holt's death was blunt trauma and lacerations to the left side of the body and head as a result of the collision.

A person commits negligent homicide if he or she negligently causes the death of another person. Ark. Code Ann. § 5-10-105(b)(1) (Repl. 2013).[3] The criminal code states that a person is criminally negligent when the person "should [have] be[en] aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur." Ark. Code Ann. § 5-2-202(4)(A) (Repl. 2013). The criminal code further states that "[t]he risk must be of such a nature and degree that the actor's failure to perceive the risk involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation considering the nature and purpose of the actor's conduct and the circumstances known to the actor." *Id*. § 5-2-202(4)(B) (emphasis added).

The standard for criminal culpability differs from the standard for civil liability. In a civil case, negligence is defined as the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. *E.g.*, *Wallace v. Broyles*, 331 Ark. 58, 67, 961 S.W.2d 712, 715 (1998); *Scully v. Middleton*, 295 Ark. 603, 604, 751 S.W.2d

---

[3]Negligent homicide is a Class A misdemeanor under subsection (b). *See* Ark. Code Ann. § 5-10-105(b)(2).

SLIP OPINION

5, 5 (1988). Something more than a failure to exercise reasonable care is required for criminal negligence. *See* Original Commentary to Ark. Code Ann. § 5-10-105 (Repl. 1995) (noting that proof of negligence sufficient to generate civil liability will not suffice to establish criminal liability under the negligent-homicide statute). In cases of criminally negligent conduct, "something more" is the requirement that the negligence be a "*gross deviation* from the standard of care that a reasonable person would observe in the actor's situation." *See* Ark. Code Ann. § 5-2-202(4) (emphasis added).

In our cases affirming negligent-homicide convictions, we have found substantial evidence of a gross deviation from the standard of care. For example, in *Utley v. State*, 366 Ark. 514, 237 S.W.3d 27 (2006), this court affirmed a conviction for negligent homicide when the evidence showed that the defendant was driving a large commercial-garbage truck on a bridge and crossed the center line, struck a vehicle that swerved to get out of the truck's path, remained in the wrong lane of traffic for approximately one hundred and fifty feet without braking or swerving, and then collided with a pickup truck on the bridge, killing the driver.

Similarly, in *Hunter v. State*, 341 Ark. 665, 19 S.W.3d 607 (2000), we held that there was substantial evidence to support convictions for three counts of negligent homicide arising from a head-on collision that occurred when the defendant passed a logging truck and collided with an oncoming vehicle. In that case, the defendant, a juvenile, testified that he had previously operated a vehicle on the same highway and was fairly familiar with the roads, as well as the double-yellow, no-passing lines; that it was raining as he was following behind

the logging truck for a couple of miles and that he had his mind set on passing the truck; that, although he was unable to see because of the mist and spray coming from the back of the logging truck, he still attempted to pass it as he crossed double-yellow lines going up a hill; and that when he began to pass, the mist and spray cleared only when he was about "one-third of the way up the truck," which was when he first saw the vehicle coming from the opposite direction over the crest of the hill. We held that, based on those facts alone, the trial court did not err in denying the motion for directed verdict because the defendant's driving grossly deviated from the standard of care that a reasonable person would have observed in the defendant's situation.

Moreover, in *Lowe v. State*, 264 Ark. 205, 570 S.W.2d 253 (1978), this court affirmed a conviction for negligent homicide when the State presented evidence that the defendant was driving seventy-six miles per hour on a state highway; refused to heed police officers' pursuit of him; tried to negotiate a turn at a highway junction where another vehicle was stopped; and collided with the stopped vehicle, causing the death of a passenger in that vehicle. In *Baker v. State*, 237 Ark. 862, 376 S.W.2d 673 (1964), we affirmed a conviction for negligent homicide when the evidence showed that the defendant was speeding in the opposite lane of traffic and had three drinks of whiskey that afternoon.

In the present case, there is no question that Gill's failure to see Holt's vehicle traveling on Highway 367 resulted in the fatal accident. That failure may well constitute civil negligence. Here, the State presented evidence of Gill's statement, in which he said that he stopped at the stop sign and looked both ways, but he "did not see" Holt's vehicle. There

was no evidence that Gill was engaged in any criminally culpable risk–creating conduct; rather, the evidence established only that Gill inexplicably failed to see Holt's vehicle when he pulled onto Highway 367. The evidence did not show that Gill was speeding, that he was driving erratically, that he was under the influence of alcohol, that he was using a phone, or that he was engaged in some similar conduct. The evidence falls short of the negligence found in *Utley*, *Hunter*, *Lowe*, and *Baker*, and does not support *criminal* negligence. It does not demonstrate "a *gross* deviation from the standard of care that a reasonable person would observe in the actor's situation considering the nature and purpose of the actor's conduct and the circumstances known to the actor."

In our interpretation of the negligent-homicide statute, we find persuasive the reasoning of the New York Court of Appeals in *People v. Boutin*, 555 N.E.2d 253 (N.Y. 1990). In that case, the court construed New York's criminally-negligent-homicide statute,[4] which is substantially similar to Arkansas's negligent-homicide statute. The *Boutin* court explained that

> [c]riminally negligent homicide requires not only a failure to perceive a risk of death,

---

[4]In *Boutin*, the court stated that

> [u]nder section 125.10 of the Penal Law, "[a] person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person." As defined in section 15.05(4) of the Penal Law, "criminal negligence" with respect to a certain result is the "fail[ure] to perceive a substantial and unjustifiable risk that such result will occur." Moreover, the "risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

*Boutin*, 555 N.E.2d at 254.

SLIP OPINION

but also some serious blameworthiness in the conduct that caused it. The risk involved must have been "substantial and unjustifiable," and the failure to perceive that risk must have been a "gross deviation" from reasonable care.

. . . .

In criminally negligent homicide, . . . some culpable *risk creation* is essential. Hence, unless a defendant has engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death, he has not committed the crime of criminally negligent homicide; *his "nonperception" of a risk, even if death results, is not enough.*

*Boutin*, 555 N.E.2d at 254–55 (internal citations omitted) (emphasis added); *see also State v. Krovvidi*, 58 P.3d 687, 697 (Kan. 2002) (holding that the defendant's actions of running a red light, without more, did not as a matter of law meet the "material deviation" requirement required for conviction of vehicular homicide under the Kansas statute).

Gill's failure to see Holt's vehicle resulted in a tragic death, but that unexplained failure, without more, does not constitute criminally negligent homicide. Accordingly, we reverse and dismiss Gill's conviction for negligent homicide.

## II. *Inadequate Insurance During an Accident*

Gill contends that the circuit court erred in denying his motion to dismiss the charge of inadequate insurance during an accident because the State presented insufficient proof that he did not have insurance coverage for his vehicle on March 29, 2012. Arkansas Code Annotated section 27-22-104 (Supp. 2013) provides, in pertinent part,

(a)(1) It is unlawful for a person to operate a motor vehicle within this state unless the motor vehicle and the person's operation of the motor vehicle are each covered by:

(B) An insurance policy issued by an insurance company authorized to do business in this state.

. . . .

(2)(A) Failure to present proof of insurance coverage at the time of a traffic stop or arrest or a failure of the Vehicle Insurance Database or proof of an insurance card issued under § 23-89-213 to show current insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle or the person's operation of the motor vehicle is uninsured.

When the operator of any motor vehicle is involved in a motor-vehicle accident in this state and the vehicle, or the operator while driving the vehicle, is found not to be adequately insured, as required by section 27-22-104(a)(1), the operator shall be deemed guilty of a Class A misdemeanor. Ark. Code Ann. § 27-22-105(a) (Supp. 2013).

Trooper Simpson testified that Gill provided him with an insurance document at the scene. That document, marked as State's Exhibit Number 10, was admitted into evidence. State's Exhibit Number 10 reflected coverage from December 18, 2010, to June 18, 2011—a time period prior to the collision—and did not reflect coverage on the day the collision occurred. Gill claims that, at trial, he provided proof of insurance on the pickup truck that he was driving at the time of the collision. The coverage period indicated on the document, which was admitted as Defendant's Exhibit No. 7, was from December 16, 2011, through June 15, 2012. Stephanie May, a State Farm Insurance agent who handled Gill's insurance account, testified that Defendant's Exhibit No. 7 was not proof of insurance; rather, it was a renewal certificate that was merely an offer of insurance for the stated period of time. According to May, Gill accepted the renewal offer, to be paid on a monthly basis. May testified that Gill's automobile insurance ceased to exist after February 16, 2012, for nonpayment of the premium. May testified that the policy had not been renewed by the date of the collision. No other proof of insurance was offered by Gill.

We find no merit in Gill's argument that the circuit court had to resort to speculation or conjecture to determine that he did not have adequate insurance coverage for his vehicle on March 29, 2012. When Gill was asked to provide proof of insurance at the scene, he gave Trooper Simpson an insurance document showing that he was insured *before* the collision. Gill's failure to present proof of insurance coverage at the time of the accident created a rebuttable presumption that his vehicle was uninsured. *See* Ark. Code Ann. § 27-22-104(a)(2)(A). At trial, Gill's insurance agent, May, testified that Gill's insurance was not in force at the time of the accident. Although Gill contends that the document admitted at trial as Defendant's Exhibit No. 7 was proof of insurance, May testified that the document was a renewal offer for coverage beginning on December 16, 2011, and ending on June 15, 2012, not proof of insurance for that time period. She also testified that Gill's insurance ceased to exist after February 16, 2012, because he did not pay the premium. In sum, Gill failed to rebut the presumption that his vehicle was uninsured at the time of the accident. Therefore, the circuit court did not err in denying Gill's motion to dismiss the charge of inadequate insurance.

Affirmed in part; reversed and dismissed in part; court of appeals opinion vacated.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.