SLIP OPINION



Cite as 2016 Ark. App. 21

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–140

| | |
|---|---|
| | **Opinion Delivered** January 13, 2016 |
| JAMES MIKEL REEP<br>APPELLANT | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63-CR-14-443] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY ARNOLD,<br>JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant James Reep appeals his conviction of driving while intoxicated (DWI), sixth offense. He argues on appeal that the evidence was insufficient (1) to convict him of DWI, and (2) to conclude that this was his sixth offense. We find no error and affirm.[1]

On June 1, 2014, Officer Chris Runnels of the Benton Police Department observed appellant driving on the wrong side of the road. According to Officer Runnels, appellant was in his lane, facing him head on, and he had to activate his blue lights. At that time, appellant "slowly crept forward" and went around Officer Runnels's patrol car, nearly clipping the rear of the car. Officer Runnels made a u–turn and attempted to stop appellant. Appellant tried to turn into the Pilot Travel Center, but missed the driveway, nearly ran into a ditch, and had

---

[1]This is the second time this case has been before us. We initially ordered rebriefing due to deficiencies in appellant's brief, abstract, and addendum. *See Reep v. State*, 2015 Ark. App. 538.

SLIP OPINION

to correct himself. Appellant pulled to the gas pumps and contact was made by Officer Runnels. Officer Runnels noticed that appellant smelled of alcohol. Appellant was asked to step out of the car and had to use his hands on the door and side of the car in order to keep his balance. An opened can of beer was observed in the center console and an unopened thirty-pack of beer was in the back. Appellant denied having anything to drink, but Officer Runnels stated that it was "very apparent. . . that he [appellant] had been drinking because of the odor and how he was standing and swaying." Appellant was administered field-sobriety tests, which consisted of (1) horizontal-gaze-nystagmus test, (2) a walk-and-turn test, and (3) a one-leg-stand test. Appellant failed all three tests. In fact, Officer Runnels had to stop the final test for fear that appellant would fall and hurt himself. Appellant was placed under arrest and taken to the police department. While at the police station, appellant consented to take a breath test to determine his blood-alcohol content. Appellant was found to have a blood-alcohol level of .26. Appellant was charged with violating Arkansas Code Annotated section 5-65-103.[2]

Appellant's bench trial took place on October 31, 2014. Officer Runnels testified about his encounter with appellant on the night of June 1. During his testimony, a video of the stop was shown. Additionally, the results of appellant's blood-alcohol test were admitted into evidence without objection. Appellant made a motion for directed verdict[3] at the conclusion of the State's case. In the motion, appellant stated that there was "no evidence of

---

[2](Supp. 2015).

[3]Because this was a bench trial, appellant's directed-verdict motion was actually a motion to dismiss. *See D.F. v. State*, 2015 Ark. App. 656, ____ S.W.3d ____.

certification of the machine or the officer to give the test." The court found that the evidence was more than sufficient, and in fact, that it was overwhelming, to support the charge. Appellant was found guilty of DWI.

The sentencing phase of appellant's trial took place on November 4, 2014. During this phase, appellant's prior convictions for DWI were admitted into evidence without objection. Appellant was sentenced based on DWI, sixth offense, to three years in the Regional Correctional Facility, followed by two years' suspended imposition of sentence. Appellant filed a timely notice of appeal.

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence.[4] The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict.[5] Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture.[6] On appeal, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered.[7]

Under Ark. Code Ann. § 5-65-103, it is unlawful for any person who is intoxicated to operate or be in actual physical control of a motor vehicle, or for any person to operate or

---

[4]*Gill v. State*, 2015 Ark. 421.

[5]*Id.*

[6]*Id.*

[7]*Id.*

to be in actual physical control of a motor vehicle if at that time the alcohol concentration in the person's breath or blood was 0.08 or more.

For his first point on appeal, appellant argues that the State failed to produce evidence of the machine being certified or that the officer was qualified to give the breath test. Although appellant made a motion to dismiss based on the lack of evidence of certification, he did not object to the test results being admitted into evidence. Furthermore, our court has held that the reliability of a machine goes to the weight and credibility of the evidence, which was within the purview of the court.[8] Additionally, the statute provides two different ways to prove the offense.[9] Here, even if the test result was eliminated, the evidence was sufficient to support the conviction: appellant was driving in the wrong lane and nearly hit Officer Runnels's patrol car when appellant attempted to go around it; appellant missed the driveway of the gas station nearly running into a ditch and had to correct himself; appellant smelled of alcohol and could not stand or walk without swaying; there was an open can of beer in the center console of appellant's car; and appellant failed all three field-sobriety tests.[10] Therefore, we affirm appellant's conviction of DWI.

Next, appellant argues that the State failed to prove that this was his sixth offense. Under Ark. Code Ann. § 5-65-122, a sixth or subsequent offense of DWI occurring within

---

[8] *See Perrigen v. State*, 2015 Ark. App. 42.

[9] *See Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004).

[10] The entire encounter was captured on video.

ten years of a prior offense is a Class B felony.[11]  The State contends that this argument is not preserved for appeal.  We agree.  Appellant never objected to this conviction being counted as his sixth one in a ten-year period before the trial court.  This court does not consider arguments made for the first time on appeal.[12]

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[11]This statute was repealed by Acts of 2015, No. 299, § 6, eff. July 22, 2015.

[12]*Lewis v. State*, 2014 Ark. App. 136.