# SUPREME COURT OF ARKANSAS

No. CR–16–228

|  |  |  |
|---|---|---|
| WILLIE NOBLE | | **Opinion Delivered:** April 20, 2017 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-2014-1089] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ERNEST SANDERS, SPECIAL CIRCUIT JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

A Pulaski County jury convicted the appellant, Willie Noble, of first-degree murder and six counts of terroristic acts. It also found him guilty of using a firearm during the commission of a felony on each count. He was sentenced to 240 months for first-degree murder with an additional 120 months' enhancement for use of a firearm to be served consecutively. In addition, he was fined $1,000 for each of the six felony terroristic acts and was sentenced to 36 months for each of the firearm enhancements to be served concurrently. On appeal, Noble argues that the circuit court erred in not granting his motions for directed verdict on all charges. We affirm Noble's convictions.

In February 2014, several teenagers went to Noble's home to play a prank on Noble's son by throwing toilet paper, leaves, and mayonnaise on his son's car. Noble was alerted by his dog barking, but by the time he looked outside and saw the toilet paper and leaves on the car, the teenagers had left. However, they returned later that night with eggs to throw at Noble's house and at a neighbor's house. This time, as the teenagers were leaving

in their car, Noble came outside with a gun and began shooting in the direction of the teenagers' car. Noble fired multiple shots at the car, shattering the driver's-side window, cracking the windshield, and leaving several bullet holes in the vehicle. Adrian Broadway, who was seated in the front passenger seat, was shot in the head and killed by one of Noble's shots.

The jury convicted Noble of first-degree murder and six terroristic acts. It also found him guilty of using a firearm during the commission of a felony with regard to each count. On appeal, Noble contends the circuit court erred by denying his motions for directed verdict because the evidence did not demonstrate that his purpose in firing his weapon was to cause property damage and because Broadway's death was not caused "in furtherance of" the terroristic acts as required by the felony-murder statute, Arkansas Code Annotated section 5-10-102(a)(1) (Repl. 2013).

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only evidence that supports the verdict. *Id.*

Noble contends the circuit court should have granted his directed-verdict motions in regard to the terroristic acts. He argues there was insufficient evidence that he shot the

vehicle occupied by the victim with the intent to cause property damage. He asserts that the only testimony regarding his intent was the statement he gave to the police in which he claimed that he shot with the purpose of scaring away the people in the car. However, the jury was not required to accept his statement as true and was free to believe the testimony of other witnesses. Indeed, a person's state of mind at the time of a crime is seldom apparent and ordinarily cannot be proven by direct evidence. *Rollins v. State*, 2009 Ark. 484, 347 S.W.3d 20. For this reason, members of the jury are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553.

From the trial testimony, a jury could have concluded that Noble's actions showed that he shot the vehicle with the purpose of causing property damage. One of the teenagers testified at trial that Noble pointed the gun and shot at the car four or five times. He did not see Noble aim the gun toward the ground. Another teenager similarly stated that she saw Noble aim and shoot the gun at the car. In addition, police officers testified to the damage to the car as the result of the shooting, including a shattered driver's-side window, cracked windshield, and bullet holes in the driver's-side door and in the rear quarter panel. We hold that this evidence was sufficient to support the jury's inference that Noble shot the vehicle with the intent to cause property damage.

Next, Noble argues that under the circumstances of this case, he did not shoot and kill Broadway in furtherance of the commission of the terroristic acts. The felony murder statute provides,

> A person commits murder in the first degree if, acting alone or with one or more other persons, the person commits or attempts to commit a felony and, in the course of and in furtherance of the felony or in immediate flight from the felony, the person or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life.

Ark. Code Ann. § 5-10-102(a)(1).

Noble argues that in order for the State to prove that he caused Broadway's death "in the course of and in furtherance of" committing a terroristic act, it must demonstrate that the murder was done to facilitate the terroristic act. Noble cites *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987), and *Craig v. State*, 70 Ark. App. 71, 14 S.W.3d 893 (2000), in support of this argument. He contends that *Parker* stands for the proposition that the language "in the course of and in furtherance of" requires that the death facilitated the felony. This is simply a misinterpretation of *Parker*. In *Parker*, the defendant was convicted of the felony murder of James Warren and Sandra Warren. 292 Ark. 421, 731 S.W.2d 756. Parker drove to the home of James Warren, his ex-wife's father, and as Warren and his daughter were getting into their vehicle, Parker began shooting at them. *Id*. He ultimately chased Warren into his home where he killed him and his wife, Sandra Warren. *Id*. The court reversed because the felony-murder statute could not be read to encompass the facts, which clearly showed that Parker entered the Warren house, which was the felony, with the sole purpose to commit murder. *Id*. at 425, 731 S.W.2d at 758. The court explained,

> For the phrase "in the course of and in furtherance of the felony" to have any meaning, the burglary must have an independent objective which the murder facilitates. *In this instance*, the burglary and murder have the same objective. That objective, the intent to kill, is what makes the underlying act of entry into the home a burglary. The burglary was actually no more than one step toward the commission of the murder and was not to facilitate the murder.

*Id*. at 427, 731 S.W.2d at 759 (emphasis added). Thus, the felony-murder statute does not include a fact pattern where "in the course of and in furtherance of" a murder, one commits a felony and thus can be charged with felony murder. Those were the facts in *Parker*. The burglary and the murder had the same objective: to kill. The killings could not be in furtherance of a burglary because the burglary was only a means of achieving the murders.

Likewise, in *Craig v. State*, the defendant, after a series of disagreements and arguments with Jake McKinnon, beat him so severely that he died. 70 Ark. App. 71, 14 S.W.3d 893 (2000). Craig was convicted of first-degree felony murder. *Id*. The court of appeals noted that the trial evidence showed that Craig "assaulted, beat, and kicked Jake McKinnon in furtherance of the homicide, not in furtherance of committing an independent felony." *Id*. at 79, 14 S.W.3d at 899. Accordingly, *Parker* and *Craig* establish that in order to be convicted of felony murder, the defendant must have an intent or objective to commit the underlying felony as opposed to the primary goal of murder.

Looking at the plain language of the statute, "a person commits murder in the first degree if, . . . in the course of and in furtherance of the felony [terroristic act] . . . , the person . . . cause[s] the death of any person . . . ." Ark. Code Ann. § 5–10–102(a)(1). Here, after reviewing the evidence in the light most favorable to the State, we conclude that there was substantial evidence that Noble "in the course of and in furtherance of" committing the terroristic acts of shooting at an occupied vehicle with the intent to cause property damage, caused the death of Broadway. Thus, unlike *Parker* and *Craig*, the death occurred "in the course of and in furtherance of" the felony, as opposed to the felony occurring "in the course of and in furtherance of" the murder. Noble had an independent objective to

commit terroristic acts, and his intent related to the acts of terrorism, not to murder. *See*

*Perry v. State*, 371 Ark. 170, 177–78, 264 S.W.3d 498, 503(2007) ("[T]he culpable intent

or *mens rea* relates to the crime of the underlying felony . . . and not to the murder itself.).

As we cannot find that the circuit court erred in denying the directed-verdict motions, we

affirm.

Affirmed.

HART, J., concurring in part and dissenting in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.**

The majority has misconstrued the Arkansas felony-murder statute, ignoring this court's

well-settled construction of the word "furtherance." In *Parker v. State*, 292 Ark. 421, 731

S.W.2d 756 (1987), *Sellers v. State*, 295 Ark. 489, 749 S.W.2d 669 (1988), and *Allen v. State*,

296 Ark. 33, 751 S.W.2d 347 (1988), this court construed the word "furtherance" to mean

"facilitate." The majority has not explained how the shooting of Adrian Broadway, while

heart-wrenching, facilitated the underlying felony.[1]

To understand the proper application of the Arkansas felony-murder statutory

scheme, one need only look to *Allen v. State*, *supra*, where this court affirmed a conviction

---

[1]  In pertinent part, the underlying felony that Mr. Noble was charged with, Terroristic Act, is codified at Arkansas Code Annotated section 5-13-310 as follows:

(a) A person commits a terroristic act if, while not in the commission of a lawful act, the person:

(1) Shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property

for felony murder. After acknowledging that, in accordance with *Parker* and *Sellers*, the murder must "facilitate" the underlying felony, the *Allen* court stated:

> In the instant case, the appellant, in his confessions, said that in order to steal Verser's car, he entered Verser's house to get the keys. He stated that he had not intended to kill Verser, but took a piece of angle iron with him in case Verser caught or tried to shoot the appellant. Clearly, the facts here support the state's charges of theft being the underlying offense and object of the burglary, and unquestionably appellant's murder of Verser resulted in facilitating his theft of property.

*Allen*, 296 Ark. at 40, 751 S.W.2d at 350. To put it in the vernacular, the murder in *Allen* helped the perpetrator commit his crime because it stopped the homeowner from preventing or otherwise interfering with it. Conversely, in the case before us, killing Adrian Broadway did not help Mr. Noble to commit a terroristic act in any way. Ms. Broadway was not the driver of the vehicle, she was not armed, and she did not in any way represent a threat to Mr. Noble as he fired at the vehicle. In short, there is absolutely no evidence that Ms. Broadway's death facilitated the terroristic act. Accordingly, the majority has failed to properly apply the felony-murder statute.

It is not enough to look at the plain wording of the statute, as the majority claims to have done—it must also give effect to every word. Obviously, the majority has focused on "in the course of" and neglected to consider the element of "furtherance." This faulty construction of the Arkansas felony-murder statute stands in stark contrast to the language of the *Parker* court:

> [I]n the course of and in furtherance of the [underlying felony], . . . are elements required by our statutes. "If we can, we give legislation a construction to [e]ffect legislative intent ... However, this is a criminal statute which must be strictly construed with doubt being resolved in favor of the accused." *Knapp v. State*, 283 Ark. 346, [347,] 676 S.W.2d 729 [,730] (1984). In strictly construing our statutes, as we must do, it is apparent that in order to constitute capital felony murder, the

murder must be in the course of, and in furtherance of the [underlying felony], which is not the case before us.

292 Ark. at 427, 731 S.W.2d at 759. The majority has, in effect, rewritten the felony-murder statute by ignoring the "furtherance" element and this court's interpretation of the word "furtherance," as used in the statute, to mean "facilitate."

To achieve this patently wrong result, the majority mischaracterizes Mr. Noble's argument. Contrary to the majority's representation, Mr. Noble concedes that Ms. Broadway's death occurred in the course of his committing a terroristic act. He focuses only on the furtherance element and argues that shooting Ms. Broadway did not facilitate the underlying felony.

Finally, the majority's citation of *Perry v. State*, 371 Ark. 170, 177–78, 264 S.W.3d 498, 503 (2007) ("[T]he culpable intent or mens rea relates to the crime of the underlying felony . . . and not to the murder itself.) is of no moment. *Perry* is a State appeal regarding the propriety of giving an instruction on felony manslaughter as a lesser-included offense of first-degree murder. The analysis in that case focused on the mens rea of the two offenses, which is not even remotely an issue in the case before us.

In my view, Mr. Noble's argument with regard to his first-degree felony-murder conviction is compelling. I would reverse and remand this case, as this court did in *Parker* and *Sellers*, when the felony-murder statute was correctly applied.

With regard to Mr. Noble's terroristic-act convictions, I agree that his argument does not warrant reversal. Nonetheless, I am concerned that Mr. Noble was convicted of six felonies when the evidence showed that, at worst, he fired only five rounds, and two of

those rounds were found to have hit his front lawn.  However, inasmuch as this is not an argument made by Mr. Noble, I concur in the result.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by:  *Ronald L. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Brad Newman*, Ass't Att'y Gen., for appellee.