Cite as 2023 Ark. 189

# SUPREME COURT OF ARKANSAS

**No.** CR–22–696

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 14, 2023 |
| FREDRICK JONES | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 60CR-20-2061] |
| V. | | |
| | | HONORABLE WENDELL GRIFFEN, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

The Pulaski County Circuit Court convicted appellant Fredrick Jones of first-degree murder, first-degree battery, simultaneous possession of drugs and firearms, possession of cocaine with the purpose to deliver, possession of drug paraphernalia, fleeing, and felon in possession of a firearm. He was sentenced as a habitual offender to life in prison for first-degree murder, sixty years in prison for first-degree battery, and an aggregate term of forty years on the remaining convictions, to be served concurrently. For reversal, Jones argues that the circuit court erred in denying his motions to dismiss on the charges of first-degree murder and first-degree battery. We affirm.

I. *Facts*

Jones waived his right to a jury trial and was tried before the circuit court. At trial, evidence was presented that on April 25, 2020, Thelton Smith, Sr., was shot while driving down his street. The following day, his daughter, Montrell Smith, called 911 because she saw

the man whom her father had identified as the person who shot him. She then called 911 a second time when she saw the man get into his van and drive off, and she followed him until the police arrived and attempted to pull him over. Smith identified Jones in court as the man who was the subject of her 911 call.

Retired Officer Rodney Blocker testified that he was a patrol officer on duty with the Little Rock Police Department on April 26, 2020. He responded to a dispatch call at approximately 12:04 p.m. that day because Smith reported that she had spotted Jones driving a green Chrysler Town and Country van. Officer Blocker saw the van at the intersection of 12th Street and South Rodney Parham and attempted to make a felony traffic stop in relation to the previous day's shooting. Jones initially stopped at a traffic light, but when Officer Blocker ordered him to turn off his vehicle, Jones refused and fled in his van southbound on John Barrow Road. Officer Blocker turned on his siren and began to pursue Jones. Officer Blocker testified that during the pursuit, he reached a speed of ninety-three miles per hour. Jones failed to stop at a red light at the intersection of West 36th Street and John Barrow Road, and his vehicle struck a white Toyota Sienna van occupied by Jose and Virginia Hernandez. Officer Blocker's dash camera recorded the pursuit and collision, and that footage was played at the bench trial.

The Hernandezes' van caught fire on impact, and the police were able to remove them from the vehicle before it exploded. They were taken by ambulance to Baptist Hospital, where Mr. Hernandez died during surgery as a result of internal bleeding. Mrs. Hernandez suffered three broken ribs and a broken shoulder.

Jones's van was disabled as a result of the collision, and he became trapped under the dashboard and had to be removed by EMTs. Inside Jones's van, officers discovered a loaded rifle, a medicine bottle containing a white rock-like substance, and a shaving bag "containing some drug paraphernalia, what appeared to be rock cocaine, and also a scale." Police subsequently obtained a search warrant for Jones's van and discovered a second firearm inside it. The white rock-like substances were later determined to be cocaine. Additionally, the State introduced sentencing orders reflecting Jones's prior felony convictions.

At the close of the State's case, Jones moved to dismiss the charges against him. As to first-degree murder, he argued that the State had failed to prove that Mr. Hernandez's death occurred "in furtherance of" Jones's fleeing from police. On first-degree battery, Jones argued that the State had failed to prove that Mrs. Hernandez's injuries occurred "in the furtherance of" his fleeing from police. The circuit court denied Jones's motions. After informing the court that the defense did not intend to call any witnesses, Jones renewed his motions, which the circuit court again denied. It found him guilty of first-degree murder, first-degree battery, simultaneous possession of drugs and firearms, possession of cocaine with the purpose to deliver, possession of drug paraphernalia, fleeing, and felon in possession of a firearm. Jones was sentenced as a habitual offender to life imprisonment for first-degree murder, sixty years' imprisonment for first-degree battery, and an aggregate term of forty years' imprisonment on the remaining convictions, to run concurrently. Jones filed a timely notice of appeal.

II. *Sufficiency of the Evidence*

On appeal, Jones argues that the circuit court erred in denying his motions to dismiss the charges of first-degree murder and first-degree battery. A motion to dismiss at a bench

trial, like a motion for directed verdict at a jury trial, is a challenge to the sufficiency of the evidence. *Gill v. State*, 2015 Ark. 421, at 3, 474 S.W.3d 77, 79. The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Id.*, 474 S.W.3d at 79. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id.*, 474 S.W.3d at 79. On appeal, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 474 S.W.3d at 79.

In the present case, Jones committed first-degree murder if he "commit[ted] or attempt[ed] to commit a felony; and [i]n the course of and in the furtherance of the felony . . . [he] cause[d] the death of any person under circumstances manifesting extreme indifference to the value of human life[.]" Ark. Code Ann. § 5-10-102(a)(1) (Supp. 2019). Jones committed first-degree battery if he committed a felony, and, in the course of and in furtherance of the felony, he caused serious physical injury to any person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-13-201(a)(4)(A), (B)(1) (Supp. 2019). Here, fleeing was the felony underlying each of these charges. A person commits felony fleeing when, knowing that his immediate arrest is being attempted by a duly authorized law-enforcement officer, he flees from the officer by means of a vehicle and causes serious physical injury to any person as a direct result of fleeing from the law-enforcement officer. Ark. Code Ann. § 5-54-125(a), (d)(3) (Supp. 2019).

With regard to his motions to dismiss the charges of first-degree murder and first-degree battery, Jones argues that the State failed to establish that those crimes were

4

committed "in furtherance of" the offense of felony fleeing. Citing several out-of-state cases, Jones asserts that the ordinary and accepted meaning of "in furtherance of" is to "advance" or "promote." He concedes that "his conduct in driving a vehicle at a high rate of speed and driving through a red light was done to advance or promote his flight from a police officer" but argues that "colliding with the victims' vehicle and causing their respective death and serious physical injury did not advance or promote his commission of felony fleeing."

We have rejected a similar argument in *Noble v. State*, 2017 Ark. 142, 516 S.W.3d 727. In that case, Noble was convicted of first-degree felony murder with commission of a terroristic act as the underlying felony. On appeal, Noble challenged the sufficiency of the evidence supporting his murder conviction, arguing that under the facts there, he did not shoot and kill the victim "in furtherance of" the commission of the terroristic acts because the State failed to prove that the murder was committed to facilitate the terroristic acts. *Id.* at 3–4, 516 S.W.3d at 730. In *Noble*, this court distinguished *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987), in which "[t]he court reversed because the felony-murder statute could not be read to encompass the facts, which clearly showed that Parker entered the [victim's] house, which was the felony, with the sole purpose to commit murder." *Noble*, 2017 Ark. 142, at 4, 516 S.W.3d at 730 (citing *Parker*, 292 Ark. at 425, 731 S.W.2d. at 758). We stated that "the killings [in *Parker*] could not be in furtherance of a burglary because the burglary was only a means of achieving the murders." *Id.* at 5, 516 S.W.3d at 731. This court clarified in *Noble* that "to be convicted of felony murder, the defendant must have an

intent or objective to commit the underlying felony as opposed to the primary goal of murder." *Id.*, 516 S.W.3d at 731. The court held that

> after reviewing the evidence in the light most favorable to the State, we conclude that there was substantial evidence that Noble "in the course of and in furtherance of" committing the terroristic acts of shooting at an occupied vehicle with the intent to cause property damage, caused the death of [the victim]. Thus, unlike *Parker . . .*, the death occurred "in the course of and in furtherance of" the felony, as opposed to the felony occurring "in the course of and in furtherance of" the murder. Noble had an independent objective to commit terroristic acts, and his intent related to the acts of terrorism, not to murder. *See Perry v. State*, 371 Ark. 170, 177–78, 264 S.W.3d 498, 503 (2007) ("[T]he culpable intent or *mens rea* relates to the crime of the underlying felony . . . and not to the murder itself.).

*Id.* at 5–6, 516 S.W.3d at 731.

Our holding in *Noble* governs the present case. Here, Jones had the culpable intent, or *mens rea*, to commit the crime of felony fleeing, as opposed to the primary goals of murder and battery. *Id.* at 5, 516 S.W.3d at 731. The evidence presented at trial, when viewed in the light most favorable to the State, established that Jones had the intent to flee, and "in the course of and in furtherance of" that flight, he caused Mr. Hernandez's death and Mrs. Hernandez's serious physical injuries. Thus, because substantial evidence supports Jones's convictions for first-degree murder and first-degree battery, we hold that the circuit court properly denied his motions to dismiss. Accordingly, we affirm.

### III. *Rule 4-3(a)*

Because Jones received a life sentence, this court, in compliance with Arkansas Supreme Court Rule 4-3(a), has examined the record for all objections, motions, and requests made by either party that were decided adversely to Jones. No prejudicial error has been found.

Affirmed.

*David Sudduth*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.