Cite as 2025 Ark. App. 68

# ARKANSAS COURT OF APPEALS

## DIVISION II
### No. CR-24-200

| | | |
|---|---|---|
| GEORGE REECE | | |
| | APPELLANT | Opinion Delivered February 5, 2025 |
| V. | | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCR-23-55] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

The Franklin County District Court convicted George Reece of driving while intoxicated (DWI), second offense, refusal to submit to a chemical test, and having an open container of alcohol in a motor vehicle. Reece appealed his convictions to the Franklin County Circuit Court, which also found him guilty of the three offenses. Reece now appeals to this court; on appeal, he contends his DWI and refusal-to-submit convictions are not supported by substantial evidence. We affirm.

On November 3, 2023, the circuit court held a bench trial. Deputy Jason Young, an officer with the Franklin County Sheriff's Office, testified that he was working patrol on January 3, 2022. He explained he was parked at a local business in Altus when he saw Reece run a stop sign at an intersection, and he stopped him around 1:30 a.m. Reece was driving

with three passengers. Young testified that when Reece rolled the window down, he smelled the odor of marijuana and alcohol. Young said he then retrieved everybody's IDs and asked Reese if there was anything inside the vehicle and whether he had anything to drink. Reece responded that there was nothing inside the vehicle but that he had a couple of beers earlier while playing pool. Young said that Reece's speech and actions were delayed.

Reece agreed to a field sobriety test and showed signs of intoxication during both the horizontal and vertical gaze nystagmus tests. Specifically, during the horizontal gaze nystagmus test, Reece looked away twice from the stimulus and stated, "This is bullshit." Young also testified that Reece showed signs of intoxication during the walk-and-turn test. He missed seven out of nine heel-to-toe steps and improperly turned, at which point he stated to Young, "This is fucking stupid," and quit the test. Young testified that at that point, he took Reece into custody on suspicion of DWI.

Young also performed an inventory search of the vehicle and recovered two open bottles of whiskey underneath the driver's seat. He testified that one of Reece's passengers, Phillip Turner, was arrested on warrants from Johnson County. Turner was in possession of a bag of marijuana but told Young that someone else in the car had given it to him but didn't specify who.

Upon arriving at the station, Young testified that Reece agreed to submit to a breathalyzer test, which registered his blood-alcohol content at 0.035. Young suspected Reece was under the influence of drugs and asked Reece to submit to a urinalysis, but Reece refused.

At the close of the State's case, Reece moved to dismiss the charges, arguing that the State failed to prove that he was intoxicated for purposes of DWI and, similarly, that Young did not have reasonable cause to believe Reece was intoxicated for purposes of implying his consent to submit to chemical testing. The circuit court denied the motion.

Phillip Turner testified for the defense. Turner testified that he and Reece had been playing pool at a bar that night. He testified that Reece did not run the stop sign, was not intoxicated, and had not taken any drugs. Turner also testified that he drove Reece's car home that night because he passed the roadside test administered by Young. Turner testified that the liquor bottles found in the car were not within Reece's reach and that the bottles were dry, and they had not drunk from the bottles that night.

Reece testified that his girlfriend at the time drove his vehicle home because Turner was taken into custody for his warrants. Reece confirmed Turner's testimony that the liquor bottles were trash and not from the night in question. Reece testified that he refused to provide a urine sample because he felt harassed. Reece admitted he had a couple of beers playing pool but that he was not impaired to the point of being worried about driving. Reece testified he was not aware there was marijuana in his vehicle. Reece said he presently uses marijuana and has a medical marijuana card, but he did not admit using marijuana on the night in question. Additionally, there is no evidence in the record before us that Reece informed officers on the night in question that he carried a medical marijuana card.

After resting, the defense renewed its motion to dismiss, and the court again denied it. The court then found Reece guilty of all three charges. Reece was sentenced to sixty days in the county jail and fined $2,500. He now appeals.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is a challenge to the sufficiency of the evidence. *See Gill v. State*, 2015 Ark. 421, 474 S.W.3d 77; Ark. R. Crim. P. 33.1 (2018). The test for determining the sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Gill*, 2015 Ark. 421, at 3, 474 S.W.3d at 79. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id.* Such a determination is a question of fact for the trier of fact to determine. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* On appeal, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Rogers v. State*, 2024 Ark. App. 340, 690 S.W.3d, 471.

On appeal, Reece first challenges the DWI and the court's finding of intoxication. Reece was found guilty of violating Arkansas Code Annotated section 5-65-103(a)(1) (Repl. 2016), which provides in pertinent part that it is unlawful for a person who is intoxicated to operate or be in actual physical control of a motor vehicle. "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the

driver's reactions, motor skills, and judgment are substantially altered, and the driver constitutes a clear and substantial danger of physical injury or death to himself or herself or another person. Ark. Code Ann. § 5-65-102(4) (Supp. 2023).

The breathalyzer-test results are only one factor of many that the trial court may consider when determining whether substantial evidence supports a DWI conviction. *Hayden v. State*, 103 Ark. App. 32, 36, 286 S.W.3d 177, 180 (2008). Blood-alcohol content less than the presumptive illegal amount is admissible as evidence tending to prove intoxication. *Foster v. State*, 2012 Ark. App. 640, at 5. We have recognized that refusal to submit to a chemical test can be properly admitted as circumstantial evidence to show knowledge or consciousness of guilt. *Lockhart v. State*, 2017 Ark. 13, at 4, 508 S.W.3d 869, 872. Further, opinion testimony regarding intoxication is admissible. *Id.*

Viewing the evidence in the light most favorable to the State, we hold that the evidence was sufficient to support the court's finding that Reece was intoxicated to such a degree that he presented a clear and substantial danger of physical injury to himself and others. Here, Reece was pulled over for running a stop sign, and evidence established that the vehicle smelled of alcohol and marijuana at the time of the stop. Reece admitted drinking earlier in the night, and his speech and actions were delayed when asked to get his license and registration. Reece also failed three field-sobriety tests, and his blood-alcohol content was 0.035, which tends to prove intoxication. His passenger had a bag of marijuana and said it had been given to him by "somebody" in the car. Reece refused to submit to the urinalysis

test the officer deemed necessary, evidencing a consciousness of guilt. On this evidence, we find that substantial evidence supports the conviction for DWI.

Reece directs us to several cases in support of his argument: *Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004) (holding substantial evidence of intoxication included a one-vehicle accident and strong odor of alcohol); *Parsons v. State*, 853 S.W.2d 276, 313 Ark. 224 (1993) (holding substantial evidence included running a stoplight, nearly causing a wreck, smelling of alcohol, bloodshot eyes, slurred speech, and failing sobriety tests); *Hilton v. State*, 80 Ark. App. 401, 96 S.W.3d 757 (2003) (holding substantial evidence included odor of alcohol, bloodshot eyes, admission of drinking, and refusal to take a breathalyzer); and *Felgate v. State*, 974 S.W.2d 479, 63 Ark. App. 76 (1998) (holding substantial evidence included odor of alcohol, admission of recent drinking, failed sobriety tests, crossing the center line, and disposing of a drink outside the vehicle). Reece contends that these cases are distinguishable and that the facts in his own case do not rise to the same level. We are not convinced. Ultimately, this is a request to reweigh the evidence, which we cannot do.

Reece also argues that Officer's Young's testimony about his intoxication was not credible; however, the court deemed Young "quite, quite credible." The court is not required to believe the testimony of any witness, especially that of the accused, since he or she is the person most interested in the outcome of the proceeding. *Foster v. State*, 2012 Ark. App. 640, at 5. Accordingly, we cannot say that the circuit court had to resort to speculation and conjecture to conclude that Reece was guilty of driving while intoxicated.

Next, Reece challenges the refusal-to-submit-to-a-chemical-test conviction by arguing that Officer Young did not have reasonable cause to suspect intoxication.

A person who operates or is in actual control of a motor vehicle is deemed to have given consent to one or more chemical tests of his breath, saliva, or urine for the purpose of determining the alcohol concentration or controlled-substance content of his breath or blood if at the time the person is arrested for DWI, the law enforcement officer has reasonable cause to believe that that the person is intoxicated. Ark. Code Ann. § 5-65-202(a)(3) (Supp. 2023). Arkansas Code Annotated section 5-65-205 (Supp. 2023) states that if a person refuses to submit to a chemical test as provided in section 5-65-202, then it is considered a strict-liability offense.

We disagree with Reece's contention that Young did not have reasonable cause to believe that he had been driving while intoxicated for purposes of implied consent to chemical testing. Officer Young had a reasonable belief based on the evidence that Reece was intoxicated at the time of arrest. In *Peterson v. State*, 81 Ark. App. 226, 232–33, 100 S.W.3d 66, 70 (2003), we affirmed a finding of reasonable cause when the appellant failed the field sobriety tests, he refused to submit to a breathalyzer test, officers testified they smelled intoxicants on appellant's person, and there was evidence that appellant had four prior driving-while-intoxicated convictions.

As in *Peterson*, Reece had a prior DWI, he failed the field sobriety tests, and Young smelled intoxicants emanating from Reece's vehicle. Moreover, Young observed that Reece's speech and actions were delayed. Reece admitted to Young that he had been drinking, and

7

one of his passengers was in possession of marijuana that was given to him by "somebody" in the vehicle. In light of these facts, Reece was required to consent to the urine test Young requested, and his refusal to do so was a violation of Arkansas Code Annotated section 5-65-205.

Reece argues that since his blood-alcohol content was 0.035, he is entitled to a presumption under Arkansas Code Annotated section 5-65-206 (Repl. 2016) that he was not under the influence of intoxicating liquor and that Officer Young lacked reasonable cause to believe Reece was under the influence of a controlled substance or intoxicant. However, Reece's argument misinterprets the statutory framework by conflating the presumption afforded during prosecution under § 5-65-206 with the reasonable-cause standard required for chemical testing under §§ 5-65-202 and 5-65-205. The presumption in § 5-65-206 applies to determining guilt at trial and is rebuttable, while reasonable cause under § 5-65-202 requires only that the officer has reasonable cause to believe that the person is intoxicated.

Here, Officer Young's observations—including the smell of intoxicants emanating from Reece's vehicle, Reece's delayed speech and actions, his admission to drinking, his failed sobriety tests, and the discovery of marijuana in his passenger's possession—clearly provided reasonable cause for requesting the chemical test. The presumption under § 5-65-206 is irrelevant to the determination of reasonable cause at the time of arrest and testing. Furthermore, Reece has failed to direct us to any convincing caselaw or statutory authority that supports his interpretation nor was this issue adequately developed below. Therefore,

we hold that Officer Young had reasonable cause to request the test, and Reece's refusal constituted a violation of Arkansas Code Annotated section 5-65-205.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Cynthia Aikman*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.