Cite as 2025 Ark. App. 508

# ARKANSAS COURT OF APPEALS
## DIVISION II
**No.** CR-24-825

| | |
|---|---|
| TOMMIE LEE GLASPIE<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 29, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-23-3017]<br><br>HONORABLE KAREN D. WHATLEY, JUDGE<br><br>AFFIRMED |

### BRANDON J. HARRISON, Judge

After a bench trial, Tommie Lee Glaspie, a felon and habitual offender, appeals the sufficiency of evidence for his conviction of stealing a .38-caliber Smith & Wesson Airweight revolver.[1]  The gun belonged to Steve Carpenter.  It is called an "Airweight," he said, because the alloy it is made of weighs half as much as steel.  It proved easy to lift.

In August 2022, Glaspie had been working for Carpenter at his farm near Batesville for about a month.  August 3, Carpenter needed to pick up some excavator parts in Little Rock.  Glaspie's late mother had lived there, and he hadn't been by her house in a while.  Carpenter agreed to take him.  They embarked in Carpenter's pickup truck: Carpenter, Glaspie, and—in the console—the Airweight revolver.

---

[1]Ark. Code Ann. § 5-36-103(a)(1) & (b)(3)(B) (Supp. 2021) (theft of property valued less than $2,500).  Glaspie was also convicted of unlawfully possessing a firearm under Ark. Code Ann. § 5-73-103(a)(1) & (c)(2) (Supp. 2021).  He does not appeal that conviction.

When the pair got to Glaspie's mother's house, Glaspie went to talk to some friends. Carpenter followed partway. He noticed Glaspie had the gun in his pocket. Carpenter said, "Is that my pistol? What are you doing with it? Put it back in my truck." Glaspie said he was going to show it to his friends. But he returned to the truck briefly—to return the gun, Carpenter assumed. Carpenter walked back to the truck and stayed there. He has not seen the gun since.

On review for sufficiency of evidence to convict, we ask whether substantial evidence—direct, circumstantial, or both—supports the verdict. *Jones v. State*, 2023 Ark. 189, 678 S.W.3d 778; *Baltimore v. State*, 2017 Ark. App. 622, 535 S.W.3d 286. Substantial evidence has sufficient force and character that it will compel a conclusion without resort to speculation or conjecture. *Ables v. State*, 2024 Ark. App. 558, 700 S.W.3d 517. We consider only the evidence that supports the conviction. *Puckett v. State*, 2025 Ark. App. 101. Here, convicting Glaspie of theft of property required finding that he knowingly took or exercised unauthorized control over Carpenter's property with the purpose of depriving him of it. Ark. Code Ann. § 5-36-103(a)(1).

There was conflicting testimony on some points that we disregard in this setting, *Puckett*, *supra*, but Carpenter's testimony met the offense elements without the need to add speculation or conjecture. Glaspie had not asked to take the gun in the first place and had gotten into the console to find it. Carpenter was emphatic that in Little Rock, Glaspie "was the only person who touched that gun, and there was no other person around [his] truck." They drove back to Batesville alone and Carpenter dropped Glaspie off at his car. He drove home and locked the truck. No one else had access between when he locked it and when

he realized the gun was missing.  Glaspie showed up to work the next morning but left with some Little Rock friends.  They were acting funny, Carpenter said, and "everybody was in a hurry to get out of there."  He had not seen Glaspie since.  End of story:  the circuit court had sufficient evidence before it to support the conviction.

Affirmed.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.